Opinion
IBANEZ, J.
Defendant appeals from his conviction of a violation of section 11377 of the Health and Safety Code (possession of controlled substance, PCP), after a jury trial.
The defendant, driving alone in his automobile, was stopped by two police officers because the registration tag on his vehicle was not current. The defendant stepped out of his vehicle, came to the officers, and showed them his operator’s license. He was asked for the registration card to his vehicle. Defendant told the officer that he could retrieve it from the vehicle. The officer smelled an odor of ether and he had a slight suspicion regarding defendant’s state of sobriety. Defendant was unsteady on his feet, swayed and had a blank stare. The officer, whose training and experience respecting drugs was his reading, a class in narcotics and “six years on the street,” thought defendant was possibly under the influence of alcohol or drugs. He went to the driver’s side of the vehicle and opened the door to retrieve the registration card. On opening the door, he smelled ether. On the floor, and in plain sight, on the driver’s side, the officer saw a box of Sherman cigarettes. According to his testimony, there is an ether smell to PCP, Sherman cigarettes are often used with PCP, and cigarettes dipped in PCP give off the odor of ether. He picked up the cigarette box. The smell got stronger as he reached for the box of cigarettes. He opened the cigarette box and found three cigarettes.
At the trial a forensic chemist testified that one of the cigarettes contained PCP and the other two contained a crystalline substance caused by PCP.
Several contentions are made by defendant on appeal. The defendant was late for his trial, which began in his absence, and ran for five minutes before he arrived. Without support in the record nor *Supp. 11 argument supporting the argument of prejudicial error, defendant asserts that the court erred in failing to make a finding under Penal Code section 1043, subdivision (e)(4) concerning defendant’s temporaiy absence. Likewise without support in the record nor argument in support of the contention of prejudicial error, the defendant argues that the court should have inquired of the jurors whether any of them overheard a conversation between the defendant and his counsel. Error cannot be inferred nor predicated upon conjecture. Defendant failed to comply with rule 184 of the California Rules of Court. Assuming error, arguendo, neither one was prejudicial. (Art. VI, § 13, Cal. Const.; 6 Witkin, Cal. Procedure (2d ed. 1971) p. 4277 etseq.)
Another claimed error is based upon an alleged improper question put by the prosecutor to the defendant. The question was not answered, the objection thereto being sustained. There is no merit to this contention of prejudicial error for the reason stated above.
Lastly, defendant argues that the evidence used against him was obtained by an illegal search. The search was not illegal. “[Wjhen there is probable cause to believe that an automobile stopped on a highway contains contraband . . . , law enforcement officers need not obtain a warrant before conducting a search. . . .” (People v. Laursen (1972) 8 Cal.3d 192, 201 [104 Cal.Rptr. 425, 501P.2d 1145]; Wimberly v. Superior Court (1976) 16 Cal.3d 557, 567 [128 Cal.Rptr. 641, 547 P.2d 417].) As the Wimberly court observed at page 564: “We have often stated that probable cause for a search exists where an officer is aware of facts that would lead a man of ordinary caution or prudence to believe, and conscientiously to entertain, a strong suspicion that the object of the search is in'the particular place to be searched.” In the instant case the officer, looking in the vehicle with defendant’s consent, saw in plain sight a Sherman cigarette box emitting an odor of ether. He knew from past experience that Sherman cigarettes are often used with PCP, and that cigarettes dipped in PCP give off an odor of ether. The smell got stronger as he reached for the box of cigarettes. He had previously noted that defendant was unsteady on his feet, swayed and had a blank stare. We conclude that at that point the officer was aware of facts that would lead a man of ordinary caution and prudence to believe and conscientiously to entertain a strong suspicion that the box contained contraband, i.e., cigarettes dipped in PCP. We are not unaware that ether is not contraband and has many legitimate uses, but a reasonably prudent man would not expect ether to be carried for those purposes in a cigarette box under these circumstances. We are also aware that the Supreme Court in *Supp. 12 Guidi v. Superior Court (1973) 10 Cal.3d 1, in footnote 18 on page 17 [109 Cal.Rptr. 684, 513 P.2d 908], pointed out that it did not accord “ ‘plain smell’ ” a place in Fourth Amendment doctrine equivalent to “ ‘plain sight’ ” and that they did not there hold that the smell of contraband and nothing more would justify seizing a supposed container of contraband. In the instant case there is more. The defendant’s apparent physical condition, the officer’s past experience in respect of Sherman cigarettes and the fact that the odor grew stronger as he approached the cigarette box were sufficient to provide probable cause to search the box.
The judgment is affirmed.
Dowds, Acting P. J., concurred.