[Civ. No. 22184. Fourth Dist., Div. One. Dec. 24, 1979.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
LINDA D. HARRIS, Real Party in Interest.

COUNSEL

Edwin L. Miller, Jr., District Attorney, Peter C. Lehman and Ronald S. Prager, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Sideman, Meyer & Franco, Michael S. Sideman and Marian Mercedes Modrak for Real Party in Interest.

OPINION

**BROWN (Gerald), P. J.**—The People have petitioned under Penal Code section 1538.5, subdivision (o) for a writ of prohibition or mandate to

compel reversal of an order granting the motion of defendant Linda Harris to suppress evidence.

The issue presented is whether the decision in *People* v. *Zelinski,* 24 Cal.3d 357 [155 Cal.Rptr. 575, 594 P.2d 1000], should have retroactive application, other than to Zelinski herself. That case held California Constitution article I, section 13, protecting against unreasonable searches, and the exclusionary rule which implements it, now applies to unlawful searches by private security guards when they are not acting in a purely private capacity, for example, recovering stolen merchandise, but rather are "fulfilling a public function in bringing violators of the law to public justice." (*People* v. *Zelinski, supra,* 24 Cal.3d 357, 366.)

A private store detective working for Robinson's department store apprehended Harris and codefendant Kevin Harris, her husband, after they were seen shoplifting earrings in the jewelry accessory department and putting the earrings into pouches. The detective searched the pouches and recovered some 35 pairs of stolen earrings. The parties agree the searches were beyond the authority of a private security officer (Pen. Code, § 490.5; see also *People* v. *Sandoval,* 65 Cal.2d 303, 311, fn. 5 [54 Cal.Rptr. 123, 419 P.2d 187]) and therefore under *Zelinski* the earrings should be excluded from evidence provided that case applies to searches conducted before the opinion in *Zelinski* was filed. The trial court ruled *Zelinski* applies in nonfinal cases and ordered the seized earrings suppressed as to Linda Harris.

Earlier decisions held the exclusionary rule did not apply to the fruits of private citizen searches (*Dyas* v. *Superior Court,* 11 Cal.3d 628, 632 [114 Cal.Rptr. 114, 522 P.2d 674]; *People* v. *McKinnon,* 7 Cal.3d 899, 912 [103 Cal.Rptr. 897, 500 P.2d 1097]) unless the private citizen acted in concert with a state police officer or at his direction (*People* v. *McKinnon, supra,* 7 Cal.3d at p. 912). Decisions exempted store security personnel from the exclusionary rule as recently as 1976 (*People* v. *Moreno,* 64 Cal.App.3d Supp. 23, 28 [135 Cal.Rptr. 340]; cf. also *People* v. *Mangiefico,* 25 Cal.App.3d 1041, 1047-1048 [102 Cal.Rptr. 449] [insurance company fire investigator]; *People* v. *Houle,* 13 Cal.App.3d 892 [91 Cal.Rptr. 874] [bail bondsman]).

*Zelinski* is thus a departure from earlier law, as the court itself recognizes. ("We have excluded the fruits of...illegal investigations [by

private security personnel] only when they were acting in concert with the police...." *People* v. *Zelinski, supra,* 24 Cal.3d 357, 365.)

The Supreme Court's reason for the new rule is deterrence of illegal security guard conduct.[1] (*Id.* at p. 366.) The decision does not discuss retroactivity. The exclusionary rule has no bearing on guilt nor the reliability of the fact-finding process (*In re Johnson,* 3 Cal.3d 404, 412 [90 Cal.Rptr. 569, 475 P.2d 841]). Retroactive application of *Zelinski* does not further its deterrence rationale.

Here defendant contends we deal with a pretrial writ of review and we should apply the *Zelinski* rule retroactively in order to conduct the trial according to most recent legal standards. In our view, however, *Zelinski* should not be applied retroactively. As pointed out in *People* v. *Kaanehe,* 19 Cal.3d 1, 10 [136 Cal.Rptr. 409, 559 P.2d 1028], "[d]ecisions have generally been made fully retroactive only where the right vindicated is one which is essential to the integrity of the fact-finding process. On the other hand, retroactivity is not customarily required when the interest to be vindicated is one which is merely collateral to a fair determination of guilt or innocence." (See also, *In re Johnson, supra,* 3 Cal.3d 404, 410-413.) Recent California Supreme Court cases have applied changes in the law surrounding the exclusionary rule prospectively. (E.g., *People* v. *Ramey,* 16 Cal.3d 263, 276, fn. 7 [127 Cal.Rptr. 629, 545 P.2d 1333]; *People* v. *Kaanehe, supra,* 19 Cal.3d 1, 9-10 [applying rule of *Burrows* v. *Superior Court,* 13 Cal.3d 238 (118 Cal.Rptr. 166, 529 P.2d 590), only to records seized after *Burrows* became final]; *People* v. *Cook,* 22 Cal.3d 67, 99, fn. 18 [148 Cal.Rptr. 605, 583 P.2d 130] [applying its rule only to searches conducted after *Cook* became final].) The federal rule is similar (*Desist* v. *United States,* 394 U.S. 244, 249-250 [22 L.Ed.2d 248, 255, 89 S.Ct. 1030]). Further, the recent decision in *In re Perrone C.,* 26 Cal.3d 49 [160 Cal.Rptr. 704, 603 P.2d 1300], limits to the appellant in that case the retroactive effect of its holding regarding unconstitutionality of hearings before a juvenile referee, although that decision articulated a fundamental right to a fair trial consistent with due process, a consider-

---

[1] "[W]e recognize that in our state today illegal conduct of privately employed security personnel poses a threat to privacy rights of Californians that is comparable to that which may be posed by the unlawful conduct of police officers...the application of the exclusionary rule can be expected to have a deterrent effect..." (*People* v. *Zelinski, supra,* 24 Cal.3d 357, 366.) [Citations omitted.]

ation not only relevant but integral to the fact-finding process. ██ ██ A fortiori, the rule in *Zelinski* should not apply retroactively.[2]

Defendant argues *Zelinski* should be retroactively applied because it was foreshadowed by earlier decisions which either referred to the potential threat of private security searches or developed the doctrine requiring exclusion where the private personnel acted in concert with police. We think these cases "foreshadowed" *Zelinski* in no different sense than any new rule of law owes its being to earlier thoughts and developments which paved the way for change. Responsible judicial decisions do not usually spring from a vacuum. We think the important question is not the extent to which *Zelinski* rests on precedent, but rather, the question what valid goals its retroactive application would serve, keeping in mind application of the exclusionary rule prevents use of reliable, valid evidence. We conclude the only reason for the rule is deterrence of illegal conduct, which cannot be aided by retroactive application.

Let a peremptory writ of mandate issue directing the superior court to vacate its order granting defendant Linda Harris' motion to suppress evidence, and to enter a new and different order denying that motion and admitting the evidence which was the subject of the motion. Further proceedings in the trial of Linda Harris shall be stayed until the

---

[2]According to *People v. Kaanehe, supra,* 19 Cal.3d 1, 10, regardless of considerations of administrative burden, retroactivity is not proper unless the integrity of the fact-finding process is in question. The following language is apposite: "Whether a judicial decision establishing new constitutional standards is to be given retroactive effect is customarily determined by weighing the following factors: '(a) the purpose to be served by the new standards, (b) the extent of reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of retroactive application of the new standards.' [Citations.] 'It is also clear that the factors of reliance and burden on the administration of justice are of significant relevance only when the question of retroactivity is a close one after the purpose of the new rule is considered.' [Citation.] Decisions have generally been made fully retroactive only where the right vindicated is one which is essential to the integrity of the fact-finding process. On the other hand, retroactivity is not customarily required when the interest to be vindicated is one which is merely collateral to a fair determination of guilt or innocence. [Citation.] *Burrows* clearly falls within the latter category. Exclusion is not necessary to ensure the reliability of the fact-finding process at trial. No compulsion is present and the evidence seized is entirely trustworthy. As the purpose of the exclusionary rule in those circumstances is to deter illegal conduct by law enforcement officials, exclusion of evidence seized prior to the pronouncement of a decision does not further compliance with that decision " (*People v. Kaanehe,* 19 Cal.3d 1, 10.)

earlier of the court's compliance with our writ or the date this decision shall become final.

Cologne, J., and Staniforth, J., concurred.

The petition of real party in interest for a hearing by the Supreme Court was denied February 20, 1980.