[Crim. No. 36159. Second Dist., Div. Two. July 1, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
KERRY LYNN FICK, Defendant and Appellant.

**COUNSEL**

Michael F. Obrand for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Roy C. Preminger, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**FLEMING, J.**—Defendant was charged with possession of marijuana for sale. (Health & Saf. Code, § 11359.) Following the denial of his motion to suppress evidence, he pleaded guilty, his subsequent motion to withdraw his guilty plea was denied, and he was sentenced to the middle term of two years in state prison.

FACTS

About 8 p.m. on December 26, 1978, two Los Angeles County deputy sheriffs observed defendant, the sole occupant of a vehicle, run two stop signs and continue driving down the middle of the road. The deputies signalled him to pull over, which he did. Deputy Douglas Linn approached the vehicle and asked to see defendant's driver's license. When defendant handed his license to the deputy, Linn smelled an odor of burnt marijuana on defendant's breath and person. Linn asked him to get out of the vehicle, and as defendant emerged, Linn smelled an odor of fresh marijuana coming from the vehicle. When asked for the vehicle's registration, defendant replied he thought it was in the glove compartment but wasn't sure because his girl friend owned the vehicle. Deputy Linn entered the vehicle to look for its registration and to investigate the odor of fresh marijuana, and, as he was getting it, he saw a brown paper bag with its top folded over resting between the driver and

passenger seats. While reaching across to the glove compartment, he noticed a strong odor of marijuana emanating from the bag. He opened the paper bag and saw it contained approximately a pound of marijuana. The deputies then arrested defendant for possession of marijuana for sale and took him to the Norwalk sheriff's station, where in the course of booking him they found 10 tai sticks and $4,120 in currency on his person.

## DISCUSSION

1. Defendant's key point on appeal is that the marijuana in the paper bag should have been suppressed because the search of the paper bag without a warrant was unlawful.

■ The Fourth Amendment prohibits unreasonable searches and seizures, and a search without a warrant is ordinarily unreasonable. (*People* v. *Dalton* (1979) 24 Cal.3d 850, 855 [157 Cal.Rptr. 497, 598 P.2d 467] (citing *Mincey* v. *Arizona* (1978) 437 U.S. 385, 390 [57 L.Ed.2d 290, 298-299, 98 S.Ct. 2408]).) However, a search is not unreasonable under the Fourth Amendment (and a warrant therefore not required), if there is no reasonable expectation of privacy in the object which is searched. (*Katz* v. *United States* (1967) 389 U.S. 347, 350-353 [19 L.Ed.2d 576, 581-583, 88 S.Ct. 507].) Certain closed containers, such as luggage and briefcases, clearly fall within the Fourth Amendment's proscription against warrantless searches because they are "common repositor[ies] for one's personal effects [and are] inevitably associated with the expectation of privacy." (*Arkansas* v. *Sanders* (1979) 442 U.S. 753, 762 [61 L.Ed.2d 235, 244, 99 S.Ct. 2586] (quoting *United States* v. *Chadwick* (1977) 433 U.S. 1, 13 [53 L.Ed.2d 538, 549-550, 97 S.Ct. 2476]).) Other items, however, are not reasonably associated with an expectation of privacy, and containers whose primary use is something other than as repositories for personal effects do not normally raise reasonable expectations of privacy. (*Guidi* v. *Superior Court* (1973) 10 Cal.3d 1, 10-14 [109 Cal.Rptr. 684, 513 P.2d 908], paper shopping bag; *People* v. *Diaz* (1980) 101 Cal.App.3d 440, 446-448 [161 Cal.Rptr. 645], paper cup with lid; *People* v. *Scott* (1979) 95 Cal.App.3d Supp. 8, 11 [158 Cal.Rptr. 270], cigarette box.)

At bench, defendant does not contest the validity of the stop and search of the vehicle, but contends that because he had a reasonable expectation of privacy in the paper bag the deputies should have obtained a warrant before searching it. The container which Deputy Linn found

during the search was an ordinary paper bag of the sort that might be expected to contain merchandise or groceries. A container of this kind cannot be characterized as one "inevitably associated" as a repository of personal effects, but rather it is identifiable as a temporary carrier of perishables, notions, or trash. ■ Normally, there can be no reasonable expectation of privacy in a paper bag's contents, and we conclude that Deputy Linn's inspection, in the course of conducting a search for the vehicle's registration, of a paper bag sitting on the front seat emitting a strong odor of fresh marijuana was not a search in violation of the Fourth Amendment.

2. Defendant next contends the trial court erred in not permitting him to withdraw his guilty plea. After the trial court denied defendant's motion to suppress the marijuana, defendant on June 19, 1979, changed his plea to guilty. Approximately three months later on September 14, 1979, the date set for sentence, defendant moved to set aside his guilty plea, claiming he had new information which cast doubt on the truthfulness of Deputy Linn's testimony. The trial court denied the motion, which on its face appeared to lack both timeliness and credibility. ■ An order denying a change of plea will not be disturbed on appeal unless an abuse of discretion has been shown. (*People* v. *Superior Court* (*Giron*) (1974) 11 Cal.3d 793, 796 [114 Cal.Rptr. 596, 523 P.2d 636].) We find no abuse here.

3. Defendant also asserts, and the People agree, that the trial court erred in taking into consideration defendant's convictions for possession of marijuana in 1972 (Health & Saf. Code, § 11530) and for possession of hashish in 1974 (Health & Saf. Code, § 11357), when it denied defendant's request for probation and sentenced him to prison. Health and Safety Code section 11361.5, subdivision (b), authorizes the Department of Justice, on petition of a convicted person, to order the destruction of all records of arrests and convictions for possession of marijuana prior to January 1, 1976. Any record which is subject to destruction under section 11361.5, "or more than two years of age, or a record of a conviction for an offense specified in [§ 11361.5] which became final more than two years previously, shall not be considered to be accurate, relevant, timely, or complete for any purposes by any agency or person." (Health & Saf. Code, § 11361.7, subd. (a).) Section 11361.7, subdivision (b) provides: "No public agency shall...limit ...any...privilege, right, or title of any person because of an arrest or conviction for an offense specified in [§ 11361.5], or because of the facts or events leading to such an arrest or conviction, on or after the

date the records...are required to be destroyed [under § 11361.5], or two years from the date of such conviction or arrest without conviction with respect to arrests and convictions occurring prior to 1 January 1976." Section 11361.7, subdivision (c) permits any person arrested or convicted of an offense described in section 11361.5 to deny his arrest or conviction two years after the arrest or conviction.

The People concede that the Legislature in enacting these sections intended to prohibit the use of pre-1976 marijuana convictions for imposition of collateral or augmented sanctions (*People* v. *Boyd* (1979) 24 Cal.3d 285, 289-296 [155 Cal.Rptr. 367, 594 P.2d 484]; *Governing Board* v. *Mann* (1977) 18 Cal.3d 819, 827-828 [135 Cal.Rptr. 526, 558 P.2d 1]), and that the trial court improperly considered defendant's prior convictions in sentencing him in the instant cause. Because we cannot determine whether the trial court would have imposed a lesser sentence had it not considered defendant's prior convictions, the cause requires resentence.

4. We find no merit in defendant's other contentions.

The cause is remanded for resentence only. In other respects the judgment is affirmed.

Roth, P. J., and Compton, J., concurred.