[Crim. No. 37001. Second Dist., Div. Five. Apr. 3, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
RAYMOND LEWIS CARTER, Defendant and Appellant.

736

**COUNSEL**

Donald B. Jones for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney Gener-

al, Edward T. Fogel, Jr., and Robert C. Schneider, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ASHBY, J.**—Appellant pleaded guilty to grand theft, and was sentenced to state prison. His appeal is limited to search and seizure issues pursuant to Penal Code section 1538.5, subdivision (m).

Appellant and codefendant Hipolito Leiva were caught shoplifting from the Gemco store in Cerritos. On January 9, 1979, a plainclothes store security officer, Vickie Caine, observed them enter the store. Appellant placed seven boxes of electric drills in his shopping cart. He took the shopping cart to the patio area, placed the seven drill boxes inside a large cardboard box in the shopping cart and closed the flaps.

Appellant returned with the cart to aisle 10 and talked to Leiva. They separated; appellant remained in the variety section while Leiva, with another shopping cart, selected two items from the toy section and went to the cash register to purchase them. One of the toys was bagged, then Leiva requested that the other, a children's kitchen set, not be bagged because it might be smashed. The checkstand supervisor taped a Gemco security strip, along with the receipt, her initials and date, to the kitchen set.

Leiva then returned to the variety section and conversed with appellant. Leiva put his two toy items in appellant's cart. Leiva removed the Gemco security strip from the kitchenware set and placed it on the large cardboard box. Leiva then pushed the cart out the exit, walking 10 feet behind appellant. The shopping cart also contained a garage door opener box. Neither the garage door opener nor the drills were paid for.

With the assistance of sheriff's officers whom she had already alerted, Ms. Caine stopped appellant and Leiva and informed them they were under arrest. She seized the cardboard box and opened it to inventory its contents.

## DISCUSSION

Appellant contends the evidence against him was obtained as a result of an unlawful search of the large cardboard box in the shopping cart. This argument is wholly without merit.

The seizure of the cardboard box and inventorying of its contents were authorized by the merchant's privilege contained in Penal Code section 490.5, subdivision (e). That section provides in pertinent part that a merchant may detain a person for a reasonable time for the purpose of conducting an investigation in a reasonable manner whenever the merchant has probable cause to believe the person to be detained is attempting to unlawfully take or has unlawfully taken merchandise from the merchant's premises (subd. (e)(1)), and that during the period of detention any items which a merchant has reasonable cause to believe are unlawfully taken from the premises "and which are in plain view may be examined by the merchant ... for the purposes of ascertaining the ownership thereof." (Subd. (e)(3).)

The cardboard box apparently was the store's own property and since it was in plain view it could be examined pursuant to the statute. Alternatively, even if the large cardboard box be viewed only as a container, it was not a private container of appellant's or Leiva's, such as a purse, in which the suspects had any reasonable expectation of privacy. (See *People* v. *Fick* (1980) 107 Cal.App.3d 892, 895 [166 Cal.Rptr. 106].) The seven electric drills were in plain view at the time Ms. Caine personally observed appellant place them in the cardboard box. They did not lose their plain view status merely by being placed in the store's container such as a box or shopping bag. (See, e.g., *People* v. *Wheeler* (1974) 43 Cal.App.3d 898, 903 [118 Cal.Rptr. 205]; *People* v. *Superior Court (Reilly)* (1975) 53 Cal.App.3d 40, 48 [125 Cal.Rptr. 504].) This is not a case like *People* v. *Zelinski* (1979) 24 Cal.3d 357, 361 [155 Cal.Rptr. 575, 594 P.2d 1000], cited by appellant, where store security officers searched the suspect's purse and a pill vial, far exceeding the scope of a search authorized by the merchant's privilege or a private citizen's arrest.

Next appellant appears to argue that the statutory right to search was inapplicable because Ms. Caine did not merely detain the suspects, she arrested them. We disagree. The arrest was a *valid* citizen's arrest because Ms. Caine personally observed the theft and thus the offense was committed in her presence. (Pen. Code, § 837, subd. 1;

*People* v. *Buonauro* (1980) 113 Cal.App.3d 688, 693 [170 Cal.Rptr. 285].) The fact that Ms. Caine was entitled not only to detain but also to arrest can hardly detract from her right to conduct the statutory search.

Finally, even assuming for purposes of discussion that the search exceeded the scope permitted by the statute, the evidence was nevertheless admissible against appellant because the decision in *People* v. *Zelinski, supra,* 24 Cal.3d 357, relating to illegal searches by store security guards, is not retroactive. (*People* v. *Superior Court* (*Harris*) (1979) 100 Cal.App.3d 386, 388-390 [160 Cal.Rptr. 880].)

The judgment is affirmed.

Kaus, P. J., and Stephens, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 10, 1981.