*Supp. 22 Opinion
JONES, J.
This is an appeal by the People from an order suppressing evidence and dismissing the case on defendant’s motion, pursuant to Penal Code section 1385, because of the prosecution’s inability to proceed.
On December 13, 1979, the security manager of a local department store saw defendant replace the price tag on an expensive electronic game with a much lower price tag taken from another article. As the security manager continued to watch the defendant, she took the game to the cashier and paid the amount of the substituted price tag. The cashier placed the game inside a paper bag provided by the store, approximately 14 inches in length and 10 inches wide. Defendant then attempted to leave the store with her “purchase,” at which time she was stopped by the security officer and taken back to his office, where the game was removed from the bag by the officer. He never lost sight of the electronic game (nor the bag into which it was later deposited) from the time he first observed the defendant until he stopped her.
The defendant moved to suppress the evidence (Pen. Code, § 1538.5) on the basis of the foregoing facts; the motion was granted. The trial judge was of the opinion that the case of People v. Zelinski (1979) 24 Cal.3d 357 [155 Cal.Rptr. 575, 594 P.2d 1000], compelled him to grant defendant’s motion, stating: “I think Zelinski is clear that if he did not have a clear view, he can’t open the bag. That’s what Zelinski says... . ”
On appeal, the People seek to distinguish the principle enunciated in Zelinski on the ground that the defendant had no reasonable expectation of privacy in the contents of the paper bag, citing People v. Fick (1980) 107 Cal.App.3d 892 [166 Cal.Rptr. 106]. We do not agree, however, that the holding in People v. Fick, supra, should be extended to all store customers who happen to have their purchases packaged in a bag, as is customarily done. We see no reason to sanction haphazard searches of store-provided containers where no attempted theft is observed. Such action by private store security forces in the absence of express or implied consent by patrons would, in our opinion, constitute a “particularly serious threat to privacy.” (People v. Zelinski, supra, 24 Cal.3d 357, 365.)
The People further contend, however, that there was no “search” in the present case and that the restriction on private security officers *Supp. 23 enunciated by People v. Zelinski, supra, therefore does not apply. In the Zelinski case, the security guard searched the defendant’s handbag in order to retrieve a stolen blouse which defendant had been seen to place in her purse. In the course of removing the blouse a pill bottle lying on top of it was also removed, examined and held for the police. The Supreme Court’s ruling pertained only to the narcotics thereafter found in the bottle. The decision also addressed itself in general, however, to searches by private security officers seeking to recover goods that are not in plain view, holding that any evidence so discovered is illegally obtained and suppressible in any resulting criminal prosecution. (People v. Zelinski, supra, at p. 364.)
We agree with the People’s position that the situation presented to us here is entirely different from the search of a person’s handbag or other container intended for numerous personal effects. The Zelinski decision itself recognized this distinction. The defendant in that case had placed her purse inside of a straw bag which she had also taken from the store without payment. Yet the court does not condemn the taking of defendant’s purse from the straw bag, but only the opening and searching of the purse itself. (People v. Zelinski, supra, at p. 364.) In the present case, the security manager never lost sight of the electronic game in defendant’s possession from the time that she substituted the lower price tag up to the moment she was arrested while attempting to leave the store. The fact that the game was enclosed in a paper bag provided by the store did not cause the game to be lost from plain view. It merely had a different cover over it than before. Nothing else was in the bag, so there was no danger of intrusion into the defendant’s private personal effects when the officer took back the electronic game and the bag provided, with or without defendant’s consent.
In acting as he did, with the observations he had made, the store officer was guilty of no unreasonable seizure and engaged in no search prohibited by article I, section 13 of the California Constitution, the Fourth Amendment of the United States Constitution, or otherwise. The trial court was in error in ruling to the contrary. It should be remembered that the constitutional proscription is only applicable to “unreasonable” search and seizures.
The orders suppressing the evidence in this case and dismissing the action are reversed, and the matter is remanded for trial of the defendant on the charge filed.
*Supp. 24 Bernstein, J., concurred.