[Crim. No. 13920. Fourth Dist., Div. One. Apr. 22, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM SYLVESTER JENKINS, Defendant and Appellant.

**224**

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Deputy State Public Defender, and Lewis A. Wenzell, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, J. Richard Haden and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WIENER, Acting P. J.**—William Sylvester Jenkins appeals the judgment entered pursuant to his negotiated guilty plea contending the court erred by imposing a sentence contrary to the terms of his plea bargain and by using the same fact both to aggravate the base term and to impose a consecutive term. (See Pen. Code, § 1170, subd. (b).)[1] We affirm.

Jenkins pleaded guilty to five counts of robbery in CR 57036, for our purposes, case A. He also admitted violating probation in two other cases, CR 45605, case B (possessing a controlled substance for sale) and CR 46468, case C (possessing a controlled substance). Jenkins' plea bargain in cases B and C provided the sentences on those cases were to be served concurrently. If we substitute "&" for concurrently and "+" for consecutively, the formula for his sentence would be depicted as B & C. The court and counsel agreed the plea bargain in case A would include the earlier commitment of concurrent sentences on cases B and C. The relevant portions of the colloquy between the parties at the time of the plea and at sentencing are set out in the margin.[2] As that

---

[1]All statutory references are to the Penal Code.

[2]When the plea bargain was struck, the following discussion took place:

"THE COURT: In addition to that, there are some probation revocations in this case.

"Miss Kiernan, in those cases of the probation revocations, is there still time remaining to be able to be served consecutively?

"Ms. KIERNAN [deputy district attorney]: Yes, your Honor. In both of the two cases that are following cases on the calendar—I don't have the numbers right before me—it is my understanding that the defendant has served several months on one of the counts, but it was also my understanding that the initial plea bargain on those cases was that the time would run concurrent on both of them when those pleas were entered.

"I would indicate to the court that the People at this point are acknowledging that they feel bound by that particular plea bargain in this case and would indicate to the court that *no further time than one additional year for both of those probation revocations could be served by the defendant for an admission of the violations on those cases,* and I think we have discussed that in

discussion indicates, Jenkins bargained for a nine-year lid on case A and no more than one additional year for cases B and C. The court actually imposed seven years, eight months computed as follows:

---

chambers, and he is aware of that.

"THE COURT: So, in other words, what you are indicating to me is that the People are agreeing to be bound by what would be for the purposes of this plea to a ten-year maximum lid?

"Ms. KIERNAN: That's correct, your Honor, with the understanding that the *two other cases would run concurrent,* and the most he would be able to get would be a one-year consecutive term for both of those two cases.

"THE COURT: All right. That's agreed, Mr. Adair? Is that the nature of the negotiations? In other words, there is a ten-year maximum, and *the other two probation revocations would have to be ordered to be served concurrently, and that no more than one year could be imposed for those two probation revocations in the event that those are going to be ordered to be served consecutively to any of the counts in the present case, CR 57036;* is that your understanding?

"MR. ADAIR [attorney for Jenkins]: My understanding is that Mr. Jenkins is pleading to the charges that could get him no more than ten years in state prison.

"THE COURT: All right.

"Ms. KIERNAN: And is admitting the violation.

"MR. ADAIR: *No more than nine years, and he could receive no more than one year for the violations.* I am not admitting that he could receive a year, but no more than that.

"THE COURT: That is maximum exposure?

"MR. ADAIR: Yes, sir.

"THE COURT: Is that your understanding too, Mr. Jenkins?

"THE DEFENDANT: Yes.

"THE COURT: Is that your understanding, Miss Kiernan?

"Ms. KIERNAN: Yes, it is, your Honor." (Italics supplied.)

At sentencing the court said: "You were found in violation of the terms of your probationary grants in the other two cases, which I have already spoken to. *There is no agreement as to what the sentence is going to be except that any sentence on the revocations would run concurrent with each other.*" (Italics supplied.)

The deputy district attorney stated: "I think that we have agreed that the two probation cases are before the court. I would ask the court to consider sentencing defendant to the consecutive term in state prison realizing the defendant has virtually served most of his time on one of those cases, I believe. I am not sure which one it is, but in one of the cases he is looking at a potential one-year consecutive term and the other eight-month consecutive term. Again, I would ask the court to consider sentencing him consecutively.

"Remember, he was given a break by Judge Ehrenfreund. He knew what he was doing. He should be punished for violating the terms of probation. *I think it is appropriate that the court do find him in violation of probation and, in fact, sentence him consecutively on each count but concurrent to the other, in other words, so that there would be an additional one-year term on the two probationary grants.*" (Italics supplied.)

The court also stated: "Now, as to the probation violation in case no. 46468, the three terms that are provided by law are 16 months, two years and three years, respectively. I shall impose the middle term of three years and stay the one year four months of that term, and *I shall order that the eight months balance be served consecutively to the sentence that has been imposed for count I, II and IV,* and the reason for having that served consecutively is within the meaning of 425(b).

". . . . . . . . . . . . . . . . .

"As to the remaining probationary case of 45605, *I will impose the term of two years which represents the mid term of the three provided by law of 16 months, two years and three years, respectively. That shall be served concurrently with the sentence imposed by this court.*" (Italics supplied.)

The colloquy between Ms. Kiernan and the court is as follows:

"Ms. KIERNAN: May I get one thing straight? *Is 46468 the count that you have indicated to go*

Case A: The upper term of five years for the robbery in count 1; consecutive terms of one year each (one-third of the three-year midterm) for the robberies in counts 2 and 4; and concurrent three-year terms (full midterm) on the two remaining robbery counts.

Case B: A two-year term to be served concurrently with case A.

Case C: An eight-month term (one-third of two-year midterm) to be served consecutively with case A.

■ Jenkins asserts a prison sentence which looks like (A & B) [seven years] + C [eight months] cannot be equated with his bargain which is reflected as either A & B & C or A + (B & C). We believe he attempts to place the form of his bargain over its substance.

There is no suggestion that the parties did not understand what they were doing when they agreed to a possible consecutive term for both earlier cases involving probation violations. The intent underlying that bargain was that Jenkins would be sentenced for at most an additional one-year term on both offenses. In that context the word "concurrently" was to assure fulfillment of that end. There is also no doubt but that all parties, including the court, understood the purpose of the bargain. The court carefully considered all the offenses and imposed sanctions within the parameters of the bargain limiting the sentence on the probation violations to a total of eight months. Looking to the substance of the bargain the court did not err.[3]

■ Jenkins also contends the robbery sentence must be remanded for resentencing because the court improperly used the earlier conviction in case C both to aggravate the sentence on count 1 to the upper base term and again to impose a consecutive sentence. He says the dual use of the conviction in case C falls within the proscription of section 1170, subdivision (b). (See also Cal. Rules of Court, rule 441(c).)

*consecutive as to eight months?*
  "THE COURT: *Yes.*
  "Ms. KIERNAN: In 46505, the middle term on that would be a three-year term, your Honor. Is the court selecting the lower term? It's two, three and four.
  "THE COURT: What was that offense?
  "Ms. KIERNAN: Possession for sale of cocaine.
  "THE COURT: *I wanted the two-year term which is the lower term on 45605. That will be served concurrently . . . .*" (Italics supplied.)

[3]Although beauty may be in the eye of the beholder, the Attorney General says we are looking at the wrong picture. He directs us to the court's statement at sentencing when it said that "case 45605 [B] [was to] be served concurrently with the sentence imposed by this court" and therefore the abstract of judgment which limits the concurrent term of case B to case A only is a typographical error which we can modify. If the Attorney General's interpretation of the court's sentence is correct, Jenkins' argument is clearly wrong. As our opinion indicates, we prefer to confront the legal questions presented by Jenkins rather than assuming clerical error.

Assuming arguendo a consecutive sentence is an enhancement, and the court would have erred had it made dual use of the earlier conviction, we are satisfied the court did not use the same fact both to aggravate and to impose a consecutive sentence. The sentencing record supports the conclusion that this knowledgeable trial judge aggravated the base term because of Jenkins' long and ever more serious pattern of criminal conduct. Starting at 18 years of age Jenkins moved from a Youth Authority commitment in May 1967 for assault with a deadly weapon to county jail time (one year as a condition of probation for grand theft auto and petty theft in 1969) to the two offenses for which he was placed on probation in 1978 and finally to the robberies in 1981.[4] The court said it was selecting the upper term because of the increasing seriousness of Jenkins' unlawful behavior, correctly referring to California Rules of Court, rule 421(b)(2). The court also explained that it was imposing a consecutive term for the earlier probation violation under California Rules of Court, rule 421(a)(7) because Jenkins had been convicted of other crimes for which consecutive sentences could have been imposed, but for which concurrent terms were imposed.[5]

Judgment affirmed.

Work, J., and Butler, J., concurred.

A petition for a rehearing was denied May 6, 1983, and appellant's petition for a hearing by the Supreme Court was denied July 14, 1983.

---

[4]Although the court improperly noted Jenkins' 1967 commitment for marijuana possession (see *People* v. *Boyd* (1979) 24 Cal.3d 285, 292-293 [155 Cal.Rptr. 367, 594 P.2d 484]; *People* v. *Fick* (1980) 107 Cal.App.3d 892, 897 [166 Cal.Rptr. 106]), it is not reasonably probable the court would have imposed a different sentence had it not considered this prior offense.

[5]The court necessarily referred to the two robbery counts for which it imposed three-year terms to be served concurrently. The terms of the plea bargain precluded it from imposing a consecutive term for the other probation violation but permitted it to impose a total of nine years for the robberies. The court, fully aware of this limitation, imposed a total of seven years for the robberies. Thus, the court used the fact Jenkins was placed on probation in 1978 as a factor in imposing the upper term for the 1981 robbery but did not use that same fact to make the sentence for the probation violation consecutive.