TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

---

|  |  |  |
|---|---|---|
| OPINION | : | |
|  | : | No. 90-806 |
| of | : | |
|  | : | MARCH 26, 1991 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
|  | : | |
| ANTHONY S. DaVIGO | : | |
| Deputy Attorney General | : | |
|  | : | |

---

THE HONORABLE STEVE WHITE, DISTRICT ATTORNEY, COUNTY OF SACRAMENTO, has requested an opinion on the following question:

Assuming that a suspect under citizen's arrest by a private security guard for shoplifting waives the right to be brought before a magistrate or delivered to a peace officer, may the security guard issue a citation to the suspect pursuant to a peace officer's telephonic directive or summons for aid and assistance?

CONCLUSION

A private security guard is not authorized to issue a citation to a suspect under citizen's arrest for shoplifting.

ANALYSIS

The first conviction for petty theft involving merchandise taken from a merchant's premises ("shoplifting") is punishable as a misdemeanor.[1] (Pen. Code, §§ 490, 490.5.)[2] The question presented concerns the procedures to be followed after a valid citizen's arrest by a private security guard for shoplifting. (See generally § 837; *People* v. *Carter* (1981) 117 Cal.App.3d 735, 738-739; 73 Ops.Cal.Atty.Gen. 291, 292-295 (1990).) Specifically, we are asked whether a private

---

[1]Both the inquiry and this analysis assume and are limited to a misdemeanor arrest.

[2]All section references are to the Penal Code unless otherwise specified.

security guard may, pursuant to a telephonic delegation of authority by a peace officer, issue a "citation" and release the person arrested.[3]

Section 853.6 sets forth the procedures for issuing citations in misdemeanor cases. For our purposes, the procedures are essentially that "the officer or superior" prepares a written notice to appear in court, "[t]he officer" delivers one copy of the notice to the arrested person, the duplicate notice is retained by "the officer," the duplicate notice is signed by the person arrested, "the arresting officer" releases the person from custody, and "[t]he officer" files the duplicate notice. (§ 853.6, subds. (a) - (e).) Subdivisions (g), (h), and (i) of section 853.6 provide respectively as follows:

"(g) The officer may either book the arrested person prior to release or indicate on the citation that the arrested person shall be booked. If it is indicated on the citation that the arrested person shall be booked, the magistrate shall, before the proceedings are finally concluded, order the defendant to be booked by the arresting agency.

"(h) A peace officer shall use the written notice to appear procedure set forth in this section for any misdemeanor offense in which the officer has arrested a person without a warrant pursuant to Section 836 or in which he or she has taken custody of a person pursuant to Section 847.

"(i) Whenever any person is arrested by a peace officer for a misdemeanor, that person shall be released according to the procedures set forth by this chapter unless one of the following is a reason for nonrelease, in which case the arresting officer may release the person, or the arresting officer shall indicate, on a form to be established by his or her employing law enforcement agency, which of the following was a reason for the nonrelease:

"(1) The person arrested was so intoxicated that he or she could have been a danger to himself or herself or to others.

"(2) The person arrested required medical examination or medical care or was otherwise unable to care for his or her own safety.

"(3) The person was arrested under one or more of the circumstances listed in Sections 40302 and 40303 of the Vehicle Code.

"(4) There were one or more outstanding arrest warrants for the person.

"(5) The person could not provide satisfactory evidence of personal identification.

"(6) The prosecution of the offense or offenses for which the person was arrested, or the prosecution of any other offense or offenses, would be jeopardized by immediate release of the person arrested.

---

[3]A "citation," sometimes called a "ticket," is a written notice to appear in court that is issued to a person for certain violations of law (infractions and misdemeanors), with the violator being released upon giving his or her written promise to appear. (See, e.g., *People* v. *Superior Court* (1972) 7 Cal.3d 186, 199-200.)

"(7) There was a reasonable likelihood that the offense or offenses would continue or resume, or that the safety of persons or property would be imminently endangered by release of the person arrested.

"(8) The person arrested demanded to be taken before a magistrate or refused to sign the notice to appear.

"(9) There is reason to believe that the person would not appear at the time and place specified in the notice. The basis for this determination shall be specifically stated."[4]

Finally, it should be noted that section 853.6 also provides:

"If, after an arrested person has signed and received a copy of a notice to appear, the arresting officer determines that, in the interest of justice, the citation or notice should be dismissed, the arresting agency may recommend, in writing, to the magistrate that the charges be dismissed. The recommendation shall cite the reasons for the recommendation and shall be filed with the court."

This statutory scheme providing for the citation and release from custody of persons arrested for a misdemeanor uses the term "officer." Section 853.6 refers to four separate officials -- the arresting officer, his or her superior, the booking officer, and his or her superior. (*People* v. *Mosqueda* (1982) 128 Cal.App.3d 918, 923.) No authority for the issuance of citations is conferred upon a private citizen. Moreover, section 853.6 confers no authority upon a peace officer to delegate to private citizens his or her duties in issuing citations.

The sole authority of a private citizen who has arrested another is to take the person arrested before a magistrate or deliver him or her to a peace officer. Section 847 states in part:

"A private person who has arrested another for the commission of a public offense must, without unnecessary delay, take the person arrested before a magistrate, or deliver him to a peace officer."

A private security guard is a private person and not a peace officer. (Cf., § 830 et seq.)

Looking at sections 847 and 853.6, we apply the rule that "[s]tatutes in pari materia should be construed together" (*Long Beach Police Officers Assn.* v. *City of Long Beach* (1988) 46 Cal.3d 736, 744; see also *Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387.) Section 853.6 refers to section 847, directing "[a] peace officer" to use the citation procedure when "he or she has taken custody of a person pursuant to Section 847." (§ 853.6, subd. (h).) In turn, section 847 directs "[a] private person" to "take the person arrested before a magistrate, or deliver him to a peace officer." (See 73 Ops.Cal.Atty.Gen. 291, 292-295 (1990).)

The language of these two statutes is clear and easily harmonized. We find no discretion on the part of a private citizen, here the security guard, or a peace officer to disregard the statutory directives. The one cannot "authorize" the other to ignore the prescribed procedures. In particular, the peace officer in determining whether to release the person (§ 853.6, subd. (i)) has

---

[4]"To `book' signifies the recordation of an arrest in official police records, and the taking by the police of fingerprints and photographs of the person arrested, or any of these acts following an arrest." (§ 7, subd. 21; *See People v. Superior Court, supra,* 7 Cal.3d 186, 208; *Carpio v. Superior Court* (1971) 19 Cal.App.3d 790, 793.)

several factors to consider that are based upon the physical state of the arrested person. Physical custody allows the officer to exercise his or her judgment and discretion.

Regardless of the express directives of sections 847 and 853.6, it has been suggested that section 830.6 would provide the requisite authority for delegating the duty of issuing citations by a peace officer. Section 830.6, subdivision (b), provides:

> "Whenever any person is summoned to the aid of any uniformed peace officer, such person shall be vested with such powers of a peace officer as are expressly delegated him by the summoning officer or as are otherwise reasonably necessary to properly assist such officer."

This section has been described as "an expansion of the common law power of *posse comitatus*" (56 Ops.Cal.Atty.Gen. 390, 393 (1973)), originally reserved to the county sheriff (see Gov. Code, § 26604). Section 839 additionally provides that "[a]ny person making an arrest may orally summon as many persons as he deems necessary to aid him therein." Any able adult who refuses to aid and assist in an arrest when required to do so by any uniformed officer is punishable by a fine not exceeding $1,000. (§ 150.)[5]

We do not deem the authority of a peace officer to summon the aid and assistance of a citizen in making an arrest pursuant to section 839 or to delegate such powers of a peace officer as may be necessary to do so pursuant to section 830.6, subdivision (b), as extending to a telephonic directive by a peace officer to a security guard to cite and release a person already arrested by the security guard. In our view, a private security guard under the circumstances presented would be neither summoned to the aid of an uniformed officer (§ 830.6, subd. (b)) nor assisting an arrest (§ 839) or any other act described in section 150. Indeed, we may adopt in these circumstances the language in *City of Long Beach* v. *Industrial Acc. Com.* (1935) 4 Cal.2d 624, 630, regarding the suggested application of section 150: "[n]o such extraordinary situation which justifies action under the provision of the Penal Code confronted the constabulary."

Not only is section 830.6 inapplicable in the described circumstances, we must construe it in harmony with the provisions of section 847. It does not contradict or render meaningless the latter statute's directive.

---

[5]Section 150 provides as follows:

> "Every able-bodied person above 18 years of age who neglects or refuses to join the posse comitatus or power of the county, by neglecting or refusing to aid and assist in taking or arresting any person against whom there may be issued any process, or by neglecting to aid and assist in retaking any person who, after being arrested or confined, may have escaped from arrest or imprisonment, or by neglecting or refusing to aid and assist in preventing any breach of the peace, or the commission of any criminal offense, being thereto lawfully required by any uniformed peace officer, or by any peace officer described in Section 830.1 or in subdivision (a), (b), (d), (e), or (f) of Section 830.2 of the Penal Code who identifies himself or herself with a badge or identification card issued by the officer's employing agency, or by any judge, is punishable by fine of not less than fifty dollars ($50) nor more than one thousand dollars ($1,000)."

Since no powers of a peace officer, as contemplated in section 830.6, subdivision (b), may be conferred in the premises, and we know of no other statutory authorization that does so, it follows that a private security guard is not authorized to issue a citation to a suspect under citizen's arrest for shoplifting.

* * * * *