[No. 20583. Department Two.— January 29, 1890.]

THE PEOPLE, RESPONDENT, *v.* A. W. McCONNELL,
APPELLANT.

CRIMINAL LAW— DEMURRER TO INFORMATION — WANT OF JURISDICTION —
ILLEGAL COMMITMENT. — A demurrer to an information on the ground
that the defendant has not been legally committed by a magistrate is
not permissible, under section 1004 of the Penal Code. The point must
be made on a motion to set aside the information.

ID. — MOTION IN ARREST OF JUDGMENT.— A motion in arrest of judgment
must be based upon defects appearing on the face of the information;
otherwise it cannot prevail.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Hugh J. & William Crawford,* for Appellant.

*Attorney-General Johnson,* for Respondent.

FOOTE, C.— The defendant was convicted of the crime
of burglary in the first degree. From the judgment
rendered in the premises, and an order refusing him a
new trial, he appeals.

The ground upon which his contention is based is,
that he was not legally committed by a magistrate, and
for that reason the superior court, which has tried him,
had no jurisdiction to do so. · He did not make any mo-
tion to set aside the information, but raised the question
by demurrer.

In order to sustain a demurrer to the information on
the ground that the trial court is without jurisdiction of
the offense charged therein, the want of such jurisdic-
tion must appear from the face of the information.
(Pen. Code, sec. 1004.)

A demurrer to an information on the ground that the
defendant has not been legally committed by a magis-
trate is not permissible under the section of the Penal

Code, *supra.* The point must be made on a motion to set aside the information. (Pen. Code, secs. 995, 996; *Ex parte Moan,* 65 Cal. 218.)

The motion in arrest of judgment made herein could not prevail, because it should have been founded upon defects in the information appearing on the face thereof. (Pen. Code, secs. 1004, 1185; *People* v. *Johnson,* 71 Cal. 392.)

The defendant asserts, in the points and authorities filed on his behalf, that it appears from the transcript he interposed a motion to set aside the information when he was arraigned, but the transcript fails anywhere to show that a motion to set aside the information was ever made.

We therefore advise that the judgment and order be affirmed.

VANCLIFF, C., and GIBSON, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Heaing in Bank denied.