[Civ. No. 31477.   Second Dist., Div. One.   Dec. 14, 1967.]

SAMUEL RATNER, Plaintiff and Appellant, v. THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent.

Atkins & Jacobson and Burton Jacobson for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, Philip E. Grey, Assistant City Attorney, and Michael T. Sauer, Deputy City Attorney, for Defendant and Respondent.

FOURT, J.—This is an appeal from an order denying a petition for a writ of prohibition.

Appellant herein filed a "PETITION FOR WRIT OF PROHIBITION AGAINST COURT ACTING WITHOUT JURISDICTION and POINTS AND AUTHORITIES" in the Superior Court of Los Angeles on September 6, 1966. Therein it is stated, among other things, that petitioner was engaged in selling books in the County of Los Angeles, that on April 20, 1966, the City Attorney of the City of Los Angeles filed a complaint in the Municipal Court of Los Angeles Judicial District, in count I of which it was charged that on February 10, 1966, Ratner

had violated the provisions of section 311.2 of the Penal Code; in count II of which it was charged that on the same date Ratner had violated the provisions of section 311.5 of the Penal Code. Further, the petition set forth that on May 4, 1966, Ratner had filed a demurrer to the complaint wherein he had asserted, first, that the complaint did not conform to sections 950 and 952 of the Penal Code in that the charge was ''not in any words sufficient'' to give him notice of the offense of which he was accused and that the complaint was uncertain, indefinite and ambiguous and second, that the facts stated did not constitute a public offense. (A copy of the demurrer is attached to the petition as is a copy of the complaint.) Further, the petition recites that on June 30, 1966, and prior to a ruling on the demurrer to the complaint, the city attorney filed an amended complaint against Ratner. It is stated that a true copy of the amended complaint is attached to the petition. The supposed true copy of the amended complaint is in six counts and charges, in each count, a violation of section 311.2 of the Penal Code. Each count charges that Ratner did on February 10, 1966, ''wilfully and unlawfully and knowingly send and cause to be sent, bring and cause to be brought into this state for sale or distribution, and in this state prepare, publish, print, exhibit, distribute, offer to distribute, and have in his possession with intent to distribute and to exhibit and offer to distribute, obscene matter, to wit, a book entitled . . .'' and then followed the name of a book and its author, such as, for example, ''Bondage Bride of the Baron—by A. DeGranamour.'' Parenthetically, it is to be noted that none of the publications was attached to the amended complaint as part of the pleadings. The petition further recites that ''on or about May 4, 1966, by demurrer timely made,'' petitioner moved respondent court ''. . . to dismiss and set aside said amended complaint''; that a copy of the demurrer is attached to the petition as an exhibit. Our examination of the clerk's transcript shows that there is one demurrer, namely, the one filed in reply to the original complaint. If we were permitted to engage in guess work, we might speculate that the parties may have stipulated, at the time the matter came on to be heard, that the demurrer to the complaint might be deemed the demurrer to the amended complaint. However, there is nothing to that effect in the record before this court, and there is no document titled demurrer to amended complaint, or anything similar to that in our record. The petition then recites that the judge made

928

an order on July 6, 1966, overruling the demurrer to the amended complaint and set July 11, 1966, as the date for plea; that on the latter date, petitioner pleaded not guilty and the trial was set for September, 19, 1966; that the case would go to trial on that date unless a writ of prohibition should otherwise order. The petition for the writ of prohibition was heard in the superior court and denied on September 13, 1966. A timely notice of appeal was filed.

The respondent asserts in its brief that the amended complaint contains seven counts of violation of Penal Code, section 311.2 and one count of violating Penal Code, section 311.5. The only record we have of the amended complaint is as an exhibit to the petition and it is as we have stated it heretofore and not as referred to by respondent in its brief.

We are aware of the recent case of *People* v. *Noroff,* decided November 21, 1967 (67 Cal.2d 791 [63 Cal.Rptr. 575, 433 P.2d 479]) which seems to rely in large part upon what was said in *Zeitlin* v. *Arnebergh,* 59 Cal.2d 901 [31 Cal.Rptr. 800, 383 P.2d 152, 10 A.L.R.3d 707]. In *Zeitlin,* however, there was appended to the complaint a copy of the book as a part of the pleadings. Such is not the case at hand.

▇ By the filing of a demurrer (assuming that a demurrer was filed to the amended complaint) the petitioner raised an issue of law upon the facts stated in the pleading demurred to, namely, the amended complaint. ▇ As this court stated in *Legg* v. *United Benefit Life Ins. Co.,* 182 Cal. App.2d 573, 578 [6 Cal.Rptr. 73], citing *People* v. *De La Guerra,* 24 Cal. 73: " 'Records and papers cannot be made a part of a pleading by merely referring to them, and praying that they may be taken as a part of such pleading, without annexing the originals or copies as exhibits or incorporating them with it so as to form a part of the record in the case.' " Our record is completely devoid of any information as to what the publications consisted of, and apparently under *Noroff* it is the duty of the trial judge to read six or seven books as charged in this case and ascertain as a matter of law whether they, and each of them, is pornographic. How the judge is to get such books under the circumstances of this case is not explained. Surely the judge could not be expected to go out and purchase the items with county funds, or otherwise. In any event, none of the books is before this court in the record and we have no way of knowing from the record here what the books contain.

In *United States* v. *Luros,* 243 F.Supp. 160 (cert. denied,

382 U.S. 956 [15 L.Ed.2d 361, 86 S.Ct. 433]), the court indicated that the sole function of the motion to dismiss the indictment is to test the sufficiency of the indictment to charge an offense, that the sufficiency of the indictment must be determined from the words of the indictment, that the court is not free to consider evidence not appearing on the face of the indictment and that all well pleaded facts are taken to be true. The court went on further to say that on the motion to dismiss the case assumes that the allegations of the indictment that the books in question were obscene is true, that the resolution of the dispute about the facts must await a trial. The court noted that at that stage of the proceedings no books were introduced into evidence and no evidence was received on the other factors that must be considered in making a judgment on the issue of obscenity.

The publications according to our record were not before the municipal court judge at the time of the demurrer or the superior court judge at the time of ruling on the petition for a writ of prohibition.

The demurrer is a pleading (Pen. Code, § 1002) which raised an issue of law as to the sufficiency of the accusatory pleading (Pen. Code, § 1004), and it lies only for the defects appearing on the face of the accusatory pleading. (*People* v. *McConnell*, 82 Cal. 620 [23 P. 40].)

The accusatory charge ''may be in the words of the enactment describing the offense or declaring the matter to be a public offense, . . .'' (Pen. Code, § 952.) Witkin, California Criminal Procedure (1963) Proceedings Before Trial, section 187, page 177 states: ''This is undoubtedly the simplest, and appears to be the most common, method of pleading; and the charge is sufficient even though, by this method, it contains conclusions of law'' citing several cases to support the viewpoint. Also ''Words used in a statute to define a public offense need not be strictly pursued in the accusatory pleading, but other words conveying the same meaning may be used.'' (Pen. Code, § 958.) Or, as stated in *People* v. *Singer*, 217 Cal.App.2d 743, 762 [32 Cal.Rptr. 701]: ''. . . the complaint alleges the offense in the language of the statute . . . and that is enough. . . .''

The words in the amended complaint in this case are practically copied verbatim from the statute which was allegedly violated.

This court presumes that the order made was valid and proper; we assume that petitioner-appellant has asked for and

produced the entire record which he wants this court to see. We presume that appellant has presented to this court everything which is needed to permit the assigned error to be ruled upon. We further presume that each trial judge in this case acted honestly and conscientiously respecting every issue.

Under the circumstances of this case, and the record before this court, we are not persuaded that it was error for the superior court to deny the writ of prohibition.

The order is affirmed.

Wood, P. J., and Lillie, J., concurred.