[Crim. No. 20575. May 22, 1979.]

THE PEOPLE, Plaintiff and Appellant, v.
CLINT CLEO BOYD, Defendant and Respondent.

**COUNSEL**

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Michael Franchetti, G. Michael Gates and Arthur G. Scotland, Deputy Attorneys General, for Plaintiff and Appellant.

Kenneth M. Wells, Public Defender, Roy V. Williams, Kenneth M. Malovos, Supervising Assistant Public Defenders, Roy K. Simmons, Assistant Public Defender, and David A. Thomsen for Defendant and Respondent.

Arthur M. Sohcot, Maryjane Mulholland, Robert McDermand and Leo Paoli as Amici Curiae on behalf of Defendant and Respondent.

## OPINION

MOSK, J.—Defendant was charged by information with the offense of being an ex-felon in possession of a firearm. (Pen. Code, § 12021.) He pleaded not guilty and denied the allegation of a prior conviction. Thereafter he moved to dismiss the information pursuant to Penal Code section 995 on the ground that it was based solely on incompetent evidence. The motion was granted, and the People appeal from the order setting aside the information. (Pen. Code, § 1238, subd. (a)(1).) We conclude that the order must be affirmed.

Penal Code section 12021 makes punishable any person who possesses a firearm and "has been convicted of a felony." Proof of a prior felony conviction is thus an essential element of the offense. In the case at bar the sole allegation on this point is that defendant was convicted on November 28, 1966, of possessing marijuana in violation of former Health and Safety Code section 11530, and served a term of imprisonment therefor.

Defendant's motion to dismiss was predicated on recent legislation requiring the destruction or permanent obliteration of the records of arrest or conviction for most minor marijuana offenses after two years have passed. (Stats. 1975, ch. 248, p. 641; Stats. 1976, ch. 952, p. 2177; see generally *Younger* v. *Superior Court (Mack)* (1978) 21 Cal.3d 102 [145 Cal.Rptr. 674, 577 P.2d 1014] (hereinafter *Mack*); *Governing Board* v. *Mann* (1977) 18 Cal.3d 819 [135 Cal.Rptr. 526, 558 P.2d 1].) A major provision of that legislation, Health and Safety Code section 11361.5, subdivision (b), provides that on application of any person convicted before January 1, 1976, of possessing marijuana in violation of Health and Safety Code section 11357 "or a statutory predecessor thereof," the Department of Justice must order the destruction of all records of the conviction held by various state and local agencies.

The prior conviction alleged herein falls within the terms of the statute: it was rendered in 1966, 10 years before the cut-off date, and was for a violation of section 11530, a "statutory predecessor" of section 11357. Defendant could therefore have compelled its destruction at any time after January 1, 1976.[1] He relied instead on the remedial provisions of a

---

[1]During the calendar year 1976 section 11361.5 provided for such destruction by court order; since January 1, 1977, the statute has provided for destruction by order of the Department of Justice. As of the time the information herein was filed (Dec. 23, 1976) defendant had not applied for an order of destruction; he avers that he has since done so, but the Attorney General has not yet acted on the application.

companion statute, Health and Safety Code section 11361.7, which is declared by its subdivision (d) to be applicable "without regard to whether destruction or obliteration of records has actually been implemented pursuant to Section 11361.5."

In his motion to dismiss defendant invoked all three remedies provided by section 11361.7. Subdivision (a) thereof declares in relevant part that "Any record subject to destruction or permanent obliteration pursuant to Section 11361.5, or more than two years of age, or a record of a conviction for an offense specified in subdivision (a) or (b) of Section 11361.5 which became final more than two years previously, *shall not be considered to be accurate, relevant, timely, or complete for any purposes by any agency or person.*" (Italics added.) Taking the emphasized phrase at face value, defendant contended the statute rendered the evidence of his prior marijuana conviction legally incompetent; and without that evidence, defendant concluded, nothing remained to support the charge of being an ex-felon in possession of a firearm.

Subdivision (b) of section 11361.7 provides in essence that no public agency shall deny, revoke, or condition any license, privilege, or right of any person because of such a prior conviction of a marijuana offense.[2] Defendant urged that the clear import of this language was to allow him to keep a firearm in his own home without fear of prosecution as an ex-felon.

Thirdly, subdivision (c) of the statute authorizes any person convicted of a prior marijuana offense to answer "any question" concerning his criminal record by stating that he has never been so convicted.[3]

[2]Subdivision (b) is drafted in very comprehensive terms. It provides: "No public agency shall alter, amend, assess, condition, deny, limit, postpone, qualify, revoke, surcharge, or suspend any certificate, franchise, incident, interest, license, opportunity, permit, privilege, right, or title of any person because of an arrest or conviction for an offense specified in subdivision (a) or (b) of Section 11361.5, or because of the facts or events leading to such an arrest or conviction, on or after the date the records of such arrest or conviction are required to be destroyed by subdivision (a) of Section 11361.5, or two years from the date of such conviction or arrest without conviction with respect to arrests and convictions occurring prior to January 1, 1976. As used in this subdivision, 'public agency' includes, but is not limited to, any state, county, city and county, city, public or constitutional corporation or entity, district, local or regional political subdivision, or any department, division, bureau, office, board, commission, or other agency thereof."

[3]Subdivision (c) declares: "Any person arrested or convicted for an offense specified in subdivision (a) or (b) of Section 11361.5 may, two years from the date of such a conviction, or from the date of the arrest if there was no conviction, indicate in response to any question concerning his prior criminal record that he was not arrested or convicted for such offense."

Defendant argued that in these circumstances trial would be an idle act because if he were to take the stand and deny his prior conviction subdivision (c) would prevent the prosecution from impeaching that testimony.

In opposing the motion the People did not question defendant's construction of each part of section 11361.7, but claimed instead that the statute as a whole violates the constitutional requirement of the separation of powers. As noted, the trial court granted the motion and dismissed the information. In their brief on appeal the People still do not challenge defendant's reliance on subdivisions (a) and (c) of section 11361.7, but now contend he cannot invoke subdivision (b) of the statute.

Because it seems to confuse several different theories, the Attorney General's argument on this point is difficult to follow. He appears to urge that subdivision (b) is inapplicable because on the date it took effect (Jan. 1, 1977) the present prosecution of defendant was pending—an argument, of course, which if valid would apply to subdivisions (a) and (c) of the statute as well. In support, he undertakes to distinguish our decision in *Governing Board* v. *Mann* (1977) *supra,* 18 Cal.3d 819. We there held that subdivision (b) barred a school district from dismissing a teacher because of a prior conviction of marijuana possession, and that the implied repeal of the district's authority to dismiss on this ground applied to the pending proceeding because it was wholly dependent on statute. (Accord, *Mack,* at pp. 109-111 of 21 Cal.3d.) The Attorney General contends that while the school district's authority in *Mann* was statutory only, here the district attorney exercised a "constitutional function" in initiating a criminal proceeding against defendant.

The point is without merit. ■ Although the district attorney doubtless exercises the prosecutorial functions vested in the executive branch (see generally *People* v. *Superior Court (Greer)* (1977) 19 Cal.3d 255 [137 Cal.Rptr. 476, 561 P.2d 1164]), the power to declare an act criminal and prescribe its punishment lies with the Legislature (*In re Lynch* (1972) 8 Cal.3d 410, 414 [105 Cal.Rptr. 217, 503 P.2d 921], and cases cited). ■ The district attorney's right to proceed in this case derives not from his general discretion to charge offenses but from the specific statutory authorization of Penal Code section 12021; and unless defendant's conduct is prohibited by the terms of that statute, any conviction thereof will be in excess of jurisdiction. (See *People* v. *Mutch* (1971) 4 Cal.3d 389, 396 [93 Cal.Rptr. 721, 482 P.2d 633], and cases cited.) Because the pending prosecution is thus wholly dependent on the statute, it is governed by the general common law rule: as we observed in *Mann*

(18 Cal.3d at p. 829), "Perhaps the rule's most familiar application is in the criminal realm, where our decisions have long recognized that under the common law the repeal of a penal law without a saving clause invalidates all prosecutions under the old law which have not become final as of the effective date of the repeal. [ Citations.]"[4]

The Attorney General also seems to contend that subdivision (b) does not apply to this case as a matter of statutory construction. He expressly concedes that a district attorney's office or a court is a "public agency" within the meaning of the subdivision. But he then implies that defendant complains that in charging him with a violation of section 12021 because of his prior marijuana conviction such public agencies "are 'revoking' some 'right' not to be prosecuted." ■ Defendant claims no such "right" in the abstract; he simply asserts that because of subdivision (b) he should now be allowed, like any other citizen, to possess a firearm in his own home. The terms of the subdivision (see fn. 2, *ante*) are ample to encompass that concern: if section 12021 does not directly "deny" or "revoke" defendant's possession of a firearm, the section's threat of criminal sanctions can certainly be said to "condition," "limit," or "qualify" it; and if such possession is not a "right" of defendant, surely it is either an "interest, license, opportunity, permit, [or] privilege. . . ." The Attorney General fails to persuade us that such an interest is not among those which the Legislature so broadly recognized as protectible under subdivision (b).

■ Next the Attorney General appears to argue that subdivision (b) was intended to remove only civil—and not criminal—disabilities flowing from a prior marijuana conviction. Again the point is refuted in our *Mann* decision, where we explained: "The purpose of section 11361.7, subdivision (b), could not be clearer. As the extensive committee reports leading to the enactment of the new marijuana law reveal, one of the most significant arguments advanced in favor of the reform of marijuana laws was that under prior statutes persons convicted of relatively minor marijuana offenses were subjected to disproportionately severe sanctions, *both criminal and civil*; . . . In enacting section 11361.7, subdivision (b), the Legislature met this problem directly, providing *in the broadest terms possible* that public agencies may not impose *any* collateral sanctions on individuals on the basis of the possession of marijuana convictions or

---

[4]The Attorney General quotes this very language, but fails to see its relevance because he appears to take the phrase, "prosecutions . . . which have not become final," to refer in the case at bar to defendant's 1966 prosecution for marijuana possession rather than to the presently pending prosecution for violation of Penal Code section 12021. Defendant readily admits, of course, that his 1966 conviction is long since final.

arrests encompassed by the statute." (Italics added in part; 18 Cal.3d at pp. 827-828.)

To exclude criminal disabilities from the reach of section 11361.7 would also result in a manifest absurdity. In *Mack* (at pp. 111-118 of 21 Cal.3d) we unanimously held that the companion statute—section 11361.5, subdivision (b)—required the destruction on application by the defendant of any record of a conviction of a marijuana offense coming within its terms. A destroyed record obviously cannot be produced in evidence. It follows that if section 11361.7 were construed to permit the prosecution to seek to impose a criminal disability predicated on such a conviction, the defendant could frustrate that purpose merely by demanding the destruction of the record in question under section 11361.5. The close relationship between the two statutes is thus evident: section 11361.7 serves primarily to extend the benefits of section 11361.5 to all persons who are entitled to relief under the latter but have not formally invoked its provisions. The section is an expression of legislative desire to avoid penalizing those persons who may be unaware of their rights under section 11361.5, and hence to make the benefits of the entire statutory reform as widely available as possible.

As noted above, in his brief the Attorney General attacks only defendant's reliance on subdivision (b) of the statute and does not contend that subdivision (a) is also inapplicable. ■ Defendant correctly asserts that either subdivision is sufficient to foreclose a prosecution for violating section 12021.[5] The directive of subdivision (a) that a prior marijuana conviction record "shall not be considered to be accurate, relevant, timely, or complete" renders such record, as the Attorney General acknowledges, "useless and for all intents and purposes non-existent." Indeed, a declaration of irrelevance would have sufficed, as it is code law that "No evidence is admissible except relevant evidence." (Evid. Code, § 350.) And the further statutory command that such record not be considered "for *any* purposes by *any* agency or person" could scarcely be couched in more all-embracing terms. Applying those terms to the case at bar, we conclude that among the "purposes" for which the record of defendant's prior marijuana conviction is now made inadmissible by subdivision (a) is its use by a prosecutorial or judicial "agency" —i.e., the district attorney's office or a court—to support a charge of possession of a firearm by an ex-felon.

---

[5]The Attorney General seems to concede as much: he quotes subdivision (a) in extenso and asserts that "the trial court's ruling could arguably be supported [i.e., by subdivision (a)] if for some reason subdivision (b) was held to be inapplicable to courts and district attorneys."

Finally, we observe that when the Legislature intends otherwise, it expresses its purpose in unmistakable words. Thus Penal Code section 1203.4, subdivision (a), provides that on application by a defendant who has successfully completed his probation the court shall set aside his conviction "and he shall thereafter be released from all penalties and disabilities resulting from the offense of which he has been convicted . . . ." This language was held to admit of "only one reasonable interpretation," i.e., that a conviction expunged thereunder could not be used to support a prosecution for possession of a firearm by an ex-felon. (*People* v. *Taylor* (1960) 178 Cal.App.2d 472, 478 [3 Cal.Rptr. 186].) When the Legislature subsequently determined to adopt a contrary rule, it simply added to the statute a provision that such expungement "does not permit a person to own, possess, or have in his custody or control any firearm capable of being concealed upon the person or prevent his conviction under Section 12021." (Pen. Code, § 1203.4, subd. (a); see also *People* v. *Edwards* (1976) 18 Cal.3d 796, 800, fn. 4 [135 Cal.Rptr. 411, 557 P.2d 995].) No such qualification, of course, appears in any subdivision of section 11361.7.

In short, the meaning of section 11361.7 is plainly written on its face. ■ "When statutory language is thus clear and unambiguous there is no need for construction, and courts should not indulge in it." (*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148]; accord, *Great Lakes Properties* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].) The Attorney General contends, however, that the plain meaning of the statute should be disregarded in this case because of certain legislative history assertedly demonstrating a contrary intent.[6] To begin with, in the authorities cited by the Attorney General the court declined to follow such plain meaning only when it would have inevitably resulted in "absurd consequences" or frustrated the "manifest purposes" of the legislation as a whole. (E.g., *Mack* at pp. 113-114 of 21 Cal.3d; *Silver* v. *Brown* (1966) 63 Cal.2d 841, 845 [48 Cal.Rptr. 609, 409 P.2d 689].) But no such consequences are threatened by a straightforward reading of the statute before us; on the contrary, as noted above the Attorney General's interpretation would itself lead to absurdity. Nor is there any likelihood—let alone certainty —of defeating the obvious purposes of the legislation; again as noted

[6]This contention was made for the first time at oral argument. Although any point not appearing in a party's brief will ordinarily be deemed waived (see, e.g., *Utz* v. *Aureguy* (1952) 109 Cal.App.2d 803, 807 [241 P.2d 639]), in view of the importance of the question to the administration of justice we permitted additional briefing of the contention and will consider it as if it had been timely raised. (See *Brown* v. *Southern California Edison Co.* (1932) 120 Cal.App. 102, 110 [7 P.2d 770].)

above, those purposes include the elimination "in the broadest terms possible" (*Mann*, at p. 828 of 18 Cal.3d) of all collateral criminal sanctions theretofore imposed by reason of prior arrests or convictions for simple marijuana possession.

In any event, the legislative history relied on by the Attorney General is of little or no persuasive force. He points to the fact that during the time the bill that amended Health and Safety Code section 11361.5 into its present form (Assem. Bill No. 3050 (1975-1976 Reg. Sess.)) was pending before the Senate, a provision specifically barring the use of a marijuana possession conviction to charge a prior offense in a subsequent prosecution was first added and then deleted before final passage.[7] The Attorney General invokes cases holding that a material amendment of a statute ordinarily implies an intent to change preexisting law. (E.g., *People* v. *Perkins* (1951) 37 Cal.2d 62, 63-64 [230 P.2d 353].) But that rule is evidently inapplicable when, as here, in the respect at issue the statute was not in fact amended. Rather, it is equally rational to believe the Legislature deemed the proposed amendment was superfluous and unnecessary "because the bill in substance already include[d] those provisions" (2A Sutherland, Statutory Construction (4th ed. 1973) § 48.18, p. 224) in the form of the sweeping prohibition of section 11361.7, subdivision (a), against the use of such a prior conviction "for any purposes by any agency or person." Indeed, this inference is strengthened by the fact that the quoted language of section 11361.7 was added to the bill in the very revision that deleted the provision now relied on by the Attorney General.  When the legislative history thus gives rise to conflicting inferences, it does not justify departing from the plain language of the statute.  Moreover, even if that language were reasonably susceptible of different interpretations, the construction more favorable to the defendant should be adopted. (*People* v. *King* (1978) 22 Cal.3d 12, 23 [148 Cal.Rptr. 409, 582 P.2d 1000].) On both grounds, therefore, the contention of the Attorney General must be rejected.[8]

 The Attorney General next contends that both subdivisions (a) and (b) of section 11361.7 violate the constitutional doctrine of the separation of powers. Although we declined to address this same contention in *Mack* (see pp. 118-120 of 21 Cal.3d) because it was not an

---

[7]The bill was introduced on February 10, 1976, and was amended in the Senate on May 17, May 28, June 11, August 17, and August 24, 1976. The provision now emphasized was added to the bill on May 28 and deleted on August 17. On each occasion, however, numerous other changes were made in the bill.

[8]The Attorney General's remaining statutory construction arguments are merely supplementary and are likewise devoid of merit.

issue in that proceeding, several of the arguments now invoked against section 11361.7 are identical to those we rejected in *Mack* with respect to section 11361.5. Our reasoning is equally applicable to the present claims, and we therefore adopt it here; because *Mack* was so recently decided, however, we need not reiterate our discussion of each point.[9]

■ Finally, the Attorney General contends section 11361.7 conflicts with the requirement that the Legislature provide for "the prompt publication of such opinions of the Supreme Court and courts of appeal as the Supreme Court deems appropriate" (Cal. Const., art. VI, § 14). The argument borders on the frivolous. In subdivision (d) of section 11361.5 the Legislature expressly exempts "published judicial appellate reports" from destruction pursuant to that statute. It is true that section 11361.7 has no comparable provision, but it does not follow that the statute conflicts with the Constitution. To be sure, subdivision (a) thereof makes such an opinion inadmissible to prove the fact of the conviction itself; but the opinion had always been inadmissible for that purpose under prior law (see *In re Weber* (1974) 11 Cal.3d 703, 723 [114 Cal.Rptr. 429, 523 P.2d 229]). The Attorney General argues that the subdivision also bars use of such an opinion as a legal precedent. Yet an opinion that is preserved and consulted for the sole purpose of establishing or explaining a rule of law applicable to all persons situated similarly to the defendant on appeal cannot fairly be deemed "a record of conviction" within the meaning of section 11361.7. Not only is the opinion generally admissible to prove the rule of law it declares, the courts are under a legislative mandate to take judicial notice of it for that purpose. (Evid. Code, § 451, subd. (a).) We are satisfied the Legislature did not intend to abrogate *pro tanto* that well-established principle in enacting section 11361.7.

The order is affirmed.

Bird, C. J., Tobriner, J., Clark, J., Richardson, J., Manuel, J., and Newman, J., concurred.

---

[9]The principal contentions, and the corresponding pages of *Mack*, are as follows:

1. The statute impedes the compilation of crime statistics and thus prevents the Judicial Council from performing its duty to "survey judicial business" (Cal. Const., art. VI, § 6): see *Mack* at page 114.

2. The statute impairs the power of the Attorney General to perform his several duties under article V, section 13: see *Mack* at pages 115-116.

3. The statute encroaches impermissibly on the executive clemency power of the Governor (art. V, § 8): see *Mack* at pages 116-118.