Opinion
REESE, J.
In these five appeals which have been consolidated for hearing and decision the defendants each have been charged with violation of Los Angeles Municipal Code section 55.07 (the ordinance). The defendants demurred to the complaint and the trial court sustained the demurrers and dismissed the complaints. The People appeal from the orders of dismissals.
The ordinance is set out under chapter V, article 5 of the Los Angeles Municipal Code. Chapter V is entitled “Public Safety and Protection. ” Article 5 is entitled “Firearms—Dangerous Weapons.” The ordinance states:
“Sec. 55.07. Demonstration Equipment Prohibited
“(a) No person shall carry or possess while participating in any demonstration, rally, picket line or public assembly, any length of lumber, wood, or wood lath unless that object is one-fourth inch or less in thickness and two inches or less in width, or if not generally rectangular in shape, such object shall not exceed three-quarters inch in its thickest dimension.” (Added by Ord. No. 151,435, eff. 9/6/78.) The trial court found the ordinance to be an unconstitutionally overbroad restriction of First Amendment rights. The court referred to an adopted Los Angeles City Council motion which stated that the ordinance was needed because there had been several incidents where a number of police officers were injured at demonstrations by two-inch by two-inch wooden sign poles used by the demonstrators to resist arrests. The court found that the ordinance was unconstitutionally overbroad in that it did not just regulate the illegal “use” of the wooden *Supp. 26 poles, but its regulation extended to the “possession” of the poles. The court further found: “One thing further, in terms of the overbreadth, the fear or apprehension of some disturbance does not strike me as sufficient interest in the balancing test to overcome a prescription which will in some instances affect speech; and, speech plus conduct, the state interest is a little too tenuated (sic) when it is extended to the mere possession as opposed to the use.”
On appeal the People contend that the ordinance is not overbroad and does not unconstitutionally infringe upon any First Amendment rights. We agree and reverse the orders of dismissals. The instant ordinance does not concern itself with the content of the messages demonstrators may attempt to convey (i.e. speech conduct). “But, above all else, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content.” (Police Department v. Mosely (1972) 408 U.S. 92, 95 [33 L.Ed.2d 212, 216, 92 S.Ct. 2286].) Instead, the ordinance regulates the size of wooden poles used as demonstration equipment (i.e. nonspeech conduct). However, in regulating nonspeech conduct the ordinance incidentally affects speech conduct. Public demonstrations such as picketing are viewed as “expressive conduct.” (Ibid.) The ordinance characterizes the poles as “demonstration equipment” and limits the use of such equipment during “any demonstration, rally, picket line or public assembly . . . .” Thus, the ordinance regulates nonspeech conduct which occurs at the same time expressive conduct occurs. By restricting the size of “demonstration equipment,” the “expressive conduct” also may be incidentally affected. Thus, the test set out in United States v. O’Brien (1968) 391 U.S. 367 [20 L.Ed.2d 672, 89 S.Ct. 63], is applicable. O’Brien stated: “This Court has held that when ‘speech’ and ‘nonspeech’ elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms. To characterize the quality of the governmental interest which must appear, the Court has employed a variety of descriptive terms: compelling; substantial; subordinating; paramount; cogent; strong. Whatever imprecision inheres in these terms, we think it clear that a government regulation is sufficiently justified if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.” (Pp. 376-377 [20 L.Ed.2d pp. 679-680].)
The ordinance is facially constitutional under the test enunciated in O’Brien. First, since a municipality has authority to “control the use of its public streets for parades or processions” by setting out the *Supp. 27 “time, place and manner” of such use (Cox v. New Hampshire (1941) 312 U.S. 569, 576 [85 L.Ed. 1049, 1053-1054, 61 S.Ct. 762, 133 A.L.R. 1396]), it follows that it has authority to regulate “demonstration equipment” used in public assemblies. Second, the ordinance was enacted to further an important and substantial governmental interest of preventing persons from being injured with wooden poles used as demonstration equipment during public assemblies. Third, this governmental interest to avoid harm to others by demonstrators is unrelated to the suppression of free expression. Fourth, the incidental restriction on First Amendment freedoms is not greater than essential to the furtherance of the governmental interest to avoid physical harm to others. The trial court was in error when it stated that the ordinance was overbroad in not restricting its application to the “use” rather than the “possession” of the wooden poles. The “use” of a wooden pole to physically harm a person is illegal conduct as it would constitute an assault and battery. The concern that certain sized poles would be illegally used in an assault and battery justifies regulation of the possession of such poles during demonstrations where violence may occur. It is unrealistic to view “possession” as not essential to the governmental interest in the illegal “use” of the poles. The ordinance may not be struck down as unconstitutionally overbroad unless it is found that the overbreadth was substantial. (Broadrick v. Oklahoma (1973) 413 U.S. 601, 615 [37 L.Ed.2d 830, 841-842, 93 S.Ct. 2908].) We do not find substantial overbreadth.
Defendants argue that the restriction in the size of the wooden poles will result in an 87.5 percent reduction in the size of the signs attached to the poles. This argument raises an evidentiary question which is not a proper question at the demurrer stage of the trial proceedings.
' ' It is well settled that a demurrer raises an issue of law as to the sufficiency of the accusatory pleading, and it tests only those defects appearing on the face of that pleading. (Pen. Code, § 1004; People v. McConnell (1890) 82 Cal. 620 [23 P. 40]; Ratner v. Municipal Court (1967) 256 Cal.App.2d 925, 929 [64 Cal.Rptr. 500].)” (People v. Williams (1979) 97 Cal.App.3d 382, 387-388 [158 Cal.Rptr. 778].) Evidentiary matters are not reached by a demurrer. (Id. at p. 391.)
Defendants also argue that certain remarks made by a member of the city council show that the purpose of this ordinance was to suppress the speech of foreign student demonstrators. First, when the city council file containing the remarks was presented to the trial court by the People, the defendants did not raise this argument to the trial court and may not do so for the first time on appeal. (See People v. Manning (1973) 33 Cal.App.3d 586, 601 [109 Cal.Rptr. 531].) Second, if a statute is constitutional on its face, the courts will not inquire into the motives of a member of the *Supp. 28 governmental entity which passed the legislation to determine if the purpose of the legislation was lawful. (O’Brien, supra, 391 U.S. at p. 384 [20 L.Ed.2d at p. 684].)
The dismissals of the complaints and the orders sustaining the demurrers are each reversed.
Foster, P. J., and Bernstein, J., concurred.