[Civ. No. 22494. Third Dist. Feb. 1, 1984.]

BYRON D. SHORTRIDGE, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE YOLO COUNTY JUDICIAL
DISTRICT OF YOLO COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

**COUNSEL**

Robert McDermand III for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

John K. Van de Kamp, Attorney General, Gregory W. Baugher and Wanda Hill Rouzan, Deputy Attorneys General, for Real Party in Interest and Respondent.

**OPINION**

**SPARKS,** The question in this case is whether it is possible to commit the crime of being an accessory in violation of Penal Code section 32 when the principal is a minor. That question turns on whether a minor can commit a felony. We hold that, in the absence of some other statutory disability, all minors 14 years of age and older are capable of committing felonies as a matter of law. Consequently anyone who, with the requisite intent and knowledge, harbors, conceals or aids these youthful principals after the commission of a felony is guilty of being an accessory.

A complaint was filed in the Yolo County Municipal Court charging appellant Byron D. Shortridge with the misdemeanor offense of being an accessory to a felony. (Pen. Code, § 32.)[1] Appellant demurred to the complaint on the ground that facts which are judicially noticeable establish that the principal was a 15-year-old minor at the time of the offense and was therefore legally incapable of committing a felony.[2] The municipal court overruled the demurrer and appellant petitioned the Superior Court of Yolo County for a writ of mandate directing the municipal court to sustain the demurrer. The superior court denied the petition and this appeal followed. We dismiss the appeal and treat it as an original petition for a writ of mandate in this court pursuant to Code of Civil Procedure section 904.1, subdivision (a)(4). We then deny the petition for a writ of mandate.

## I

The notice of appeal in this case was filed on December 17, 1982. At that time appellant could appeal from the denial of his petition for a writ of mandate as a matter of statutory right. Effective January 1, 1983, and operative July 1, 1983, Code of Civil Procedure section 904.1, subdivision (a)(4) was enacted to preclude an appeal from a judgment granting or denying a petition for the issuance of a writ of mandate or prohibition directed to a municipal or justice court concerning a matter pending before it. Instead, the appellate court is statutorily authorized, in its discretion, to review a judgment granting or denying a petition for a writ of mandate or prohibition upon petition for an extraordinary writ.[3] The amendment to

---

[1] "A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions." (Pen. Code, § 17, subd. (a).) The felony allegedly committed by the principal was burglary.

The crime of being an accessory is alternatively punishable either as a felony by imprisonment in the state prison or as a misdemeanor by imprisonment in the county jail. (Pen. Code, § 33.) In this case the district attorney specified the offense to be a misdemeanor pursuant to Penal Code section 17, subdivision (b)(4).

[2] For purposes of determining jurisdiction for criminal prosecution in California, a minor is any person under the age of 18 years of age at the time of committing the crime. (Welf. & Inst. Code, §§ 602, 603.) Minors under the age of 16 who violate a criminal statute are under the exclusive jurisdiction of the juvenile court. (Welf. & Inst. Code, §§ 245, 602; 1 Cal. Juvenile Court Practice (Cont.Ed.Bar 1981) Overview of the Delinquency System, § 1.2, p. 19.) The juvenile court also has original jurisdiction over minors 16 or 17 years old. (*Ibid.*) These minors may, under certain statutory conditions, be found unfit to be dealt with under the juvenile court law and if so are then subject to prosecution in an adult court of criminal jurisdiction. (Welf. & Inst. Code, §§ 707, 707.1.)

[3] Code of Civil Procedure section 904.1, subdivision (a)(4) provides: "An appeal may be taken from a superior court in the following cases: [¶] (a) From a judgment, *except* . . . (4) a judgment granting or denying a petition for issuance of a writ of mandamus or prohibition directed to a municipal court or a justice court or the judge or judges thereof which relates to a matter pending in the municipal or justice court. However, an appellate court may, in its discretion, review a judgment granting or denying a petition for issuance of a writ of mandamus or prohibition upon petition for an extraordinary writ." (Stats. 1982, ch. 931, § 1, ch. 1198, § 63.2; italics added.)

Code of Civil Procedure section 904.1 is applicable to unresolved appeals filed before its effective date and we must therefore dismiss the appeal in this case and treat it as a petition for an extraordinary writ. (*Andrus* v. *Municipal Court* (1983) 143 Cal.App.3d 1041, 1045 [192 Cal.Rptr. 341]. See also *Avila* v. *Municipal Court* (1983) 148 Cal.App.3d 807, 810-811 [196 Cal.Rptr. 286].)

II

Appellant is alleged to have committed the crime of being an accessory to a felony in violation of Penal Code section 32 in that he "willfully and unlawfully harbored, concealed, or aided William Everette N., . . . a principal in the commission of a felony, in the burglary of a trailer home . . . ." Penal Code section 32 provides: "Every person who, after a felony has been committed, harbors, conceals or aids a principal in such felony, with the intent that said principal may avoid or escape from arrest, trial, conviction or punishment, having knowledge that said principal has committed such felony or has been charged with such felony or convicted thereof, is an accessory to such felony."[4] Appellant does not dispute that the charging allegations of the criminal complaint filed against him are sufficient. He argues, however, that facts which are judicially noticeable, and which are conceded by the prosecution, establish that William, the principal he is alleged to have harbored, concealed or aided, was just 15 years of age at the time of the burglary and at the time he is alleged to have provided assistance to him. According to appellant's argument, William's minority prevents him from being capable of committing a felony and hence from being a principal. ▪ Since it is impossible as a matter of California law for a 15-year-old minor to be a principal, it is equally impossible, so the argument goes, for appellant to be guilty of the crime of being an accessory to such a nonexistent principal. The complaint, it is claimed, is therefore demurrable because the facts stated and judicially noticed do not constitute a public offense. (Pen. Code, § 1004, subd. 4.)

---

[4]In California parties to crimes are classified as either principals or accessories. (Pen. Code, § 30.) Principals are defined in Penal Code section 31 as follows: "All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, or not being present, have advised and encouraged its commission, and all persons counseling, advising or encouraging children under the age of fourteen years, lunatics or idiots, to commit any crime, or who, by fraud, contrivance or force, occasion the drunkenness of another for the purpose of causing him to commit any crime, or who, by threats, menaces, command or coercion, compel another to commit any crime, are principals in any crime so committed."

The distinction between an accessory before the fact and a principal, and between principals in the first and second degree, has been statutorily abrogated. (Pen. Code, § 971; see also *Bompensiero* v. *Superior Court* (1955) 44 Cal.2d 178, 186 [281 P.2d 250].)

Preliminarily, we note that the trial court erroneously took judicial notice of the principal's age. In civil cases a demurrer to a complaint, cross-complaint, or answers may be taken on any ground that either "appears on the face thereof, or from any matter of which the court is required to or may take judicial notice, . . ." (Code Civ. Proc., § 430.30, subd. (a); see also Code Civ. Proc., § 430.70.) In criminal cases, by contrast, a demurrer to an accusatory pleading is limited to defects which "appear upon the face" of the pleading. (Pen. Code, § 1004.) Since a demurrer raises a question of law as to the sufficiency of the accusatory pleading and only tests those defects appearing on its face (*People* v. *McConnell* (1890) 82 Cal. 620 [23 P. 40]; *People* v. *Williams* (1979) 97 Cal.App.3d 382, 387-388 [158 Cal.Rptr. 778]), it follows that a trial court may not judicially notice matters for the purpose of ruling upon a demurrer in a criminal case.[5] Nevertheless, because the Attorney General has conceded that the principal was a minor at all relevant times and since the question has been fully briefed and argued and is likely to reoccur, in the interest of judicial economy we reach the issue. (See *People* v. *Hill* (1974) 12 Cal.3d 731, 766 [117 Cal.Rptr. 393, 528 P.2d 1].)

■ Turning to the merits, we find appellant's contention clearly unacceptable. Penal Code section 26 expressly provides that "All persons are capable of committing crimes . . . ." That section then excepts from its general rule "Children under the age of 14, in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness."[6] Under the specific terms of section 26, the 15-year-old

---

[5]An exception to this rule occurs when the face of the pleading does not give the accused constitutionally adequate notice of the offense. In such a case, "a demurrer under [Pen. Code] section 1004 for failure of the indictment to substantially conform to [Pen. Code] section 952 contemplates testing the adequacy of the notice to defendant by allegations in the language of the statute *when viewed in light of the transcript.*" (*People* v. *Jordan* (1971) 19 Cal.App.3d 362, 369-370 [97 Cal.Rptr. 570]; italics in original.) No such contention was made here. The fact sought to be judicially noticed in this case—the principal's age— was allegedly contained in the records of the juvenile court in a different proceeding involving the principal.

[6]Penal Code section 26 reads in its entirety: "All persons are capable of committing crimes except those belonging to the following classes: [¶] One—Children under the age of 14, in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness. [¶] Two—Idiots. [¶] Three—Persons who committed the act or made the omission charged under an ignorance or mistake of fact, which disproves any criminal intent. [¶] Four—Persons who committed the act charged without being conscious thereof. [¶] Five—Persons who committed the act or made the omission charged through misfortune or by accident, when it appears that there was no evil design, intention, or culpable negligence. [¶] Six—Persons (unless the crime be punishable with death) who committed the act or made the omission charged under threats or menaces sufficient to show that they had reasonable cause to and did believe their lives would be endangered if they refused."

Even when children are too young to be criminally responsible, Penal Code section 31 has still been held to impose criminal liability on others by declaring that all persons who "aid and abet" in the commission of a crime and "all persons counseling, advising or

principal whom appellant is alleged to have harbored, concealed or aided is capable of committing a crime. ■ The enactment of a juvenile justice system in California did not by implication repeal section 26. (*In re Gladys R.* (1970) 1 Cal.3d 855, 863-864 [83 Cal.Rptr. 671, 464 P.2d 127].) That section "embodies a venerable truth, which is no less true for its extreme age, that a young child cannot be held to the same standard of criminal responsibility as his more experienced elders." (*Id.*, at p. 864.) Therefore, "California . . . rebuttably presumes all minors under the age of 14 incapable of committing a crime, but does not totally exclude any child from criminal responsibility." (*Id.*, at pp. 863-864.)

Appellant points to Welfare and Institutions Code section 203 in support of his argument. That section provides: "An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose, nor shall a proceeding in the juvenile court be deemed a criminal proceeding." Contrary to appellant's suggestion, that provision does not provide that a minor is incapable of committing a crime. "When the wrongdoing of the minor is not simply a tort but amounts to a crime . . . a special system of juvenile courts has been created to deal with such cases in an essentially nonpenal manner, for the protection and benefit of the minor . . . As to the questions of liability, all minors of 14 or over are deemed 'capable of committing crimes'; and those under 14 are excepted from this general rule, 'in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness.' (Pen. Code, § 26, subd. One.) . . . [¶] In short, with respect to tortious or criminal acts of minors, the law extends no blanket presumption of incapacity. Rather, while the minor's immaturity will often result in his undergoing different methods of adjudication and treatment, it is simply one element,

---

encouraging children under the age of fourteen years, . . . to commit any crime, . . . are principals in any crime so committed." In *People* v. *Roberts* (1972) 26 Cal.App.3d 385 [103 Cal.Rptr. 25], defendant aided and abetted five children, eight to thirteen years old, in the commission of lewd acts with themselves and with one another. Convicted of violating Penal Code section 288, defendant contended on appeal "that since the children were incapable of committing a crime (Pen. Code, § 26), he cannot be guilty as a principal 'in any crime so committed.' (Pen. Code, § 31.)" (*Id.*, at p. 388.) The *Roberts* court rejected that contention: "It certainly is not reasonable to assume that the Legislature intended that a principal be granted immunity from criminal prosecution because of the legal disability of the active participant in a crime. It is more reasonable to assume that the Legislature intended by section 26 to merely relieve persons listed therein from responsibility for criminal conduct and by section 31 to hold the aider and abettor liable as a principal 'in any crime so committed.' These quoted words would be meaningless if we reached a contrary conclusion. We therefore conclude that there is no merit to defendant's contention that he is relieved of criminal responsibility as a principal for aiding and abetting, or for counseling, advising, or encouraging persons under legal disability to commit a crime." (*Ibid.*)

Under this interpretation, one could also be an accessory to a child who committed a felony but who is too young to be criminally responsible. Since the principal in this case is 15 years old and hence by definition is capable of committing a crime, we need not reach that question.

although an important one, to be weighed with many others in determining the issue of his liability." (*People* v. *Lara* (1967) 67 Cal.2d 365, 380-381 [62 Cal.Rptr. 586, 432 P.2d 202].)

Our Juvenile Court Law explicitly recognizes that minors are capable of committing crimes. Indeed, the violation of a law defining crime is the basis for an adjudication of wardship under Welfare and Institutions Code section 602. A petition alleging that a minor is a person described under section 602 "shall specify as to each count whether the crime charged is a felony or a misdemeanor." (Welf. & Inst. Code, § 656.1.) ▪ The minor cannot be adjudged a ward of the court except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime of which he is charged. (*In re Winship* (1970) 397 U.S. 358, 364, 368 [25 L.Ed.2d 368, 375, 377-378, 90 S.Ct. 1068]; see also Welf. & Inst. Code, § 701.) This includes proof that the minor is a person capable of committing a crime under Penal Code section 26. (*In re Gladys R.*, *supra*, 1 Cal.3d at pp. 862-867.) If the minor is found to have committed an offense which in the case of an adult would be punishable as a misdemeanor or a felony, then the juvenile court must declare whether the offense is a misdemeanor or a felony. (Welf. & Inst. Code, § 702.)

▪ From these authorities it is clear that minors over 13 years of age are capable of committing a felony,[7] but with exceptions not relevant here, they are not subject to criminal prosecution and conviction for criminal acts. (Welf. & Inst. Code, § 203; *People* v. *Lara*, *supra*, 67 Cal.2d at pp. 380-381.) However, a juvenile's immunity from prosecution and conviction for a felony does not extend to an adult who harbors, conceals, or aids the juvenile after the commission of crime. "An accessory to the commission of a felony may be prosecuted, tried, and punished, though the principal may be neither prosecuted nor tried, and though the principal may have been acquitted." (Pen. Code, § 972.) Accordingly, we must hold that it does not avail appellant that the principal of the crime to which he is alleged to be an accessory cannot, because of his minority, be criminally prosecuted for the crime; if the elements of a violation of Penal Code section 32 are established then appellant is subject to conviction.[8]

---

[7]Indeed, to hold otherwise would be to engage in a "legal fiction, presenting a challenge to credulity and doing violence to reason." (See *In re Contreras* (1952) 109 Cal.App.2d 787, 789 [241 P.2d 631].) Juveniles are apparently responsible for a substantial and disproportionate part of the national and state crime problem. (See *People* v. *Lara*, *supra*, 67 Cal.2d at p. 379, fn. 7, and the studies cited there.)

[8]The elements of the crime of being an accessory are "(1) someone other than the person charged as an accessory, that is to say, a principal, must have committed a specific completed felony; (2) the accused must have harbored, concealed or aided the principal; (3) with knowledge that the principal committed a felony; and (4) further, the hiding, concealing or harboring must be with the specific intent that the principal may escape from arrest and trial [citations]." (*People* v. *Prado* (1977) 67 Cal.App.3d 267, 271 [136 Cal.Rptr. 521].)

The decision in *People* v. *Boyd* (1979) 24 Cal.3d 285 [155 Cal.Rptr. 367, 594 P.2d 484], relied upon by appellant, is not controlling. In that case the defendant had been charged with being a convicted felon in the possession of a firearm. (Pen. Code, § 12021.) After suffering the prior conviction the Legislature had "decriminalized" the offense of which defendant had been convicted (a minor marijuana offense). Moreover, the Legislature had provided for the destruction of the records of the prior convictions for the decriminalized offenses, and had further provided that such records *"shall not be considered to be accurate, relevant, timely, or complete for any purposes by any agency or person."* (24 Cal.3d at p. 290; italics in original. See Health & Saf. Code, § 11361.7, subd. (a).) Accordingly, the Supreme Court held that the defendant was not subject to conviction under Penal Code section 12021 because he was no longer deemed to be a convicted felon. By way of analogy to *Boyd,* appellant argues that the Legislature, by enacting of the Juvenile Court Law, similarly "decriminalized" offenses by minors and thus determined that a juvenile offender is not a criminal and a juvenile offense is not a crime. The decision in *Boyd* is inapposite for two reasons. First, as we have demonstrated, the Juvenile Court Law did not redefine crimes for minors and thus did not decriminalize any penal statute. That law merely established a less harsh system for youthful offenders who commit crimes. The Legislature has not decriminalized either burglary or being an accessory to a burglary (nor do we perceive that it is likely to do so). Second, unlike Penal Code section 12021, which requires proof of a prior conviction (see *People* v. *Boyd, supra,* 24 Cal.3d at pp. 289-290), a conviction for being an accessory to a felony does not require proof of conviction of the principal. Penal Code section 32 only requires that the principal commit a felony; the principal need not be convicted of the felony. (Pen. Code, § 972.)

Appellant also relies upon *People* v. *Rocca* (1980) 106 Cal.App.3d 685 [165 Cal.Rptr. 226]. There a supervisor at a county juvenile hall was convicted under Penal Code section 4533 for aiding an escape attempt by several minors detained in the hall. That section prohibits any guard from aiding "the escape of any prisoner in custody." Holding that a detained ward of the juvenile court is not a "prisoner" within the meaning of that section, the Court of Appeal reversed the conviction. Appellant argues that minors cannot be considered felons under Penal Code section 32 any more than the juveniles in *Rocca* could be considered prisoners under Penal Code section 4533. *Rocca* is distinguishable because there it was legally impossible for a minor to commit the charged crime of escape and hence it was also impossible for anyone to aid and abet in the commission of that crime.[9] As the Supreme Court aptly noted in *People* v. *Wayne* (1953)

---

[9]Unlike Penal Code section 4533, Welfare and Institutions Code section 871 does make it

41 Cal.2d 814, 826 [264 P.2d 547], "[l]iability for being an accessory, like liability for solicitation, cannot be incurred by one person acting alone; to constitute a violation of section 32 there must be a principal and an aider, acting in concert." Here in contrast to *Rocca,* it was legally possible for the minor to commit burglary and consequently to be a principal who could be criminally aided by an accessory.

More sweepingly, appellant argues that a minor cannot commit a crime because, by definition, crimes must have annexed to them a punishment (Pen. Code, § 15) and since juvenile court proceedings are not designed for punishment (see *In re Aline D.* (1975) 14 Cal.3d 557, 567 [121 Cal.Rptr. 816, 536 P.2d 65]), juveniles are never punished. This convoluted argument is flawed: there is a punishment annexed to all statutory crimes, including the crime of burglary. (Pen. Code, § 461.) As we have already noted, it is the commission of the felony—not conviction and punishment—which is the indispensable prerequisite for the crime of being an accessory. In short, minors are capable of committing crimes even though they are not punishable in the same fashion as adults.

Finally, we reject appellant's argument that holding him to answer as an accessory is contrary to the purposes of the juvenile law. The purposes of the Juvenile Court Law are "to secure for each minor under the jurisdiction of the juvenile court such care and guidance, preferably in the minor's own home, as will serve the spiritual, emotional, mental, and physical welfare of the minor and the best interests of the state; to protect the public from criminal conduct by minors; [and] to impose on the minor a sense of responsibility for his own acts." (Welf. & Inst. Code, § 202.) These purposes would be thwarted rather than furthered by an interpretation of law which would permit adults to "harbor, conceal or aid" a juvenile who has committed a felony.[10]

---

a crime for a person under the custody of a probation officer in a county juvenile hall to escape or attempt to escape. As the *Rocca* court correctly noted, had this crime been charged instead and had the jury been properly instructed, defendant could have been properly convicted because "one who assists a juvenile to escape from a juvenile hall is guilty of *aiding and abetting* the juvenile in a violation of Welfare and Institutions Code section 871." (106 Cal.App.3d at p. 695, original italics.)

[10]We do not share appellant's concern that our holding will place parents of wayward children in the dilemma of choosing whether to inform on their children or risk criminal punishment by remaining silent. Mere passive nondisclosure is not the type of activity which renders one an accessory. (See *People v. Harris* (1980) 105 Cal.App.3d 204, 213 [164 Cal.Rptr. 296]; *People v. Duty* (1969) 269 Cal.App.2d 97, 104 [74 Cal.Rptr. 606].)

We likewise do not agree that exoneration of appellant is the only way in which the privacy of the juvenile principal may be protected. Such privacy can, and should be protected in the same manner in which courts protect the privacy of all persons whose privacy the judicial process may impinge upon: by partial anonymity. (See for example *In re Gladys R., supra,* 1 Cal.3d 855, a juvenile accused of criminal acts; *People v. Johnson* (1981) 121 Cal.App.3d 94 [175 Cal.Rptr. 8], "Dyana J.," the victim of a sexual offense.)

The appeal from the superior court order denying the petition for a writ of mandate is dismissed. The purported appeal is treated as a petition for a peremptory writ of mandate and as such is denied.

Puglia, P. J., and Regan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 29, 1984.